JOHN A. C. GRAY, Appellant, v. THE MANHATTAN RAILWAY COMPANY et al., Respondents.

In an action by an abutting owner to restrain defendant from the maintenance and operation of its elevated road in a street, a witness was asked and permitted to answer, under objection and exception, as to what, in his opinion, was the best use to which the plaintiff's property "could have been put if it had not been for the elevated railroad and this interference."  *Held*, error.

The judgment of the trial court granted an injunction unless defendants paid a sum fixed as the damages to the fee, upon receiving a conveyance from plaintiff of the easements taken, in which case it was denied.  It was claimed here that the whole judgment should not have been reversed because of error in admitting improper evidence bearing upon the question as to the damages to the fee, but that the portion which awarded

the injunction should be permitted to stand. *Held,* untenable; that the question as to the granting of the injunction was dependent upon the amount of damages, as unless the court had found them to be substantial, it could, in the exercise of its discretion, have withheld the injunction and left plaintiff to his remedy at law; also that it was discretionary with the court either to reverse in whole or in part.

An equity court is not bound to issue an injunction when it will produce great public or private mischief, merely for the purpose of protecting a technical or unsubstantial right.

It is generally in the discretion of the court, when it finds error in part of a judgment requiring a reversal of that part, to reverse the whole judgment, and such discretion will not, except under peculiar circumstances, be interfered with upon appeal to this court.

(Argued June 3, 1891; decided October 20, 1891.)

APPEAL from order of the General Term of the Court of Common Pleas for the city and county of New York, made January 5, 1891, which reversed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and granted a new trial.

The plaintiff was the owner of four vacant lots of land at the corner of Ninth avenue and Seventy-seventh street, in the city of New York. He brought this action as an abutting owner, praying for an injunction restraining the defendants from maintaining and operating their road in front of his lots, and for damages caused to his lots, and for other relief. The trial court ordered judgment in his favor for the injunction prayed for, provided, however, that the injunction should not issue until after sixty days from the entry of judgment, to enable the defendants to acquire his easements in the street by condemnation proceedings, or by the payment of the sum of $8,000, the amount found to be the full damages to the lots. Provided, also, that the injunction should be wholly inoperative unless plaintiff tendered a conveyance and release of his easements in the street appropriated by defendant, and it refused to accept the conveyance and pay the amount of damages so fixed. The court found no damage to the rental value of the lots prior to the judgment, and found that "said premises would not be worth as much as they

now are, had the said railway and stations not been built," and yet he found that the fee of plaintiff's real estate is diminished in value by the maintenance and operation of the road by the sum of $8,000, and to this finding the defendants excepted. The General Term reversed the judgment and ordered a new trial, as appears from the opinion there pronounced, without considering other alleged errors, on the ground that the findings of the court showed that the plaintiff's real estate was not damaged by the defendants, and that the trial judge erred as to the damages.

*Esek Cowen, George P. Smith* and *Edward C. Perkins* for appellant. The maintenance and operation of the elevated road in front of plaintiff's premises were not justified as to him by law, but constituted an unlawful interference with his right of property, and he was entitled to an injunction, whether he suffered pecuniary loss or not; and the appellate court, therefore, erred in absolutely reversing the judgment. (*Story* v. *M. E. R. Co.*, 90 N. Y. 122; *Lahr* v. *M. E. R. Co.*, 104 id. 268; *Drucker* v. *M. E. R. Co.*, 106 id. 158; *Smith* v. *City of Rochester*, 104 id. 674; *Corning* v. *T. I. & N. Foundry*, 40 id. 191; *Webb* v. *P. M. Co.*, 3 Sumn. 189; *W. & B. C. Co.* v. *Swindon*, L. R. [9 Ch. App.] 451; *Lyon* v. *McLaughlin*, 32 Vt. 425; *Ward* v. *Warren*, 82 N. Y. 455; *Nicholls* v. *Wentworth*, 100 id. 455; *Lund* v. *City of New Bedford*, 121 Mass. 268, 288, 290; *Plumleigh* v. *Dawson*, 6 Ill. 544, 551, 552; *Blanchard* v. *Baker*, 8 Me. 253; *Chapman* v. *Thames Co.*, 13 Conn. 269; *Crooker* v. *Bragg*, 10 Wend. 260, 266; *Ware* v. *Allen*, 140 Mass. 513; *Lawson* v. *Menasha*, 59 Wis. 393.) The opportunity offered to the defendants to avoid the injunction by payment of a certain sum, was a mere act of grace on the part of the court, of which defendants were not bound to avail themselves. An error in computing that sum, therefore, was no ground for appeal on their part. (*Henderson* v. *N. Y. C. R. R. Co.*, 78 N. Y. 423, 429, 430; 17 Hun, 344, 352; *N. Y. N. E. Bank* v. *M. R. R. Co.*, 21 J. & S. 511, 513; 108 N. Y. 660; *Lawrence* v. *M. R. R. Co.*, 35 N. Y. S. R. 39;

*Welsh* v. *R. R. Co.*, 8 N. Y. Supp. 492; *Carter* v. *R. R. Co.*, 25 J. & S. 279, 281; *Eno* v. *M. R. R. Co.*, 24 id. 313, 318; *Smith* v. *Rathburn*, 75 N. Y. 122, 126, 127; *Carll* v. *Oakley*, 97 N. Y. 633, 635; *Genet* v. *Davenport*, 59 N. Y. 648; *Bartlett* v. *Stinton*, L. R. [1 C. P.] 483, 484; *Radway* v. *Graham*, 4 Abb. 468; *Murphy* v. *Spalding*, 46 N. Y. 559.) There was no error, however, in the determination of the Special Term as to the amount to be paid, and defendants were not entitled to any deduction for benefits. (*Roberts* v. *Comrs., etc.*, 24 Kan. 247; *Armstrong* v. *City of St. Louis*, 69 Mo. 309; *Francis* v. *Schoellkopf*, 53 N. Y. 152; *Eagle* v. *Clearing*, L. R. [2 C. P.] 638; *Sanderson* v. *Pennsylvania*, 102 Penn. St. 370; *Marcy* v. *Fries*, 18 Kan. 353; 1 Sedg. on Dam. 56; *N. V. R. R. Co.* v. *McClure*, 29 Ind. 536; Laws of 1850, chap. 140, § 16; Laws of 1885, chap. 606, § 21; *S. A. R. R. Co.* v. *Kerr*, 72 N. Y. 333.) Evidence was properly received by the trial court, to show the difference in the value of the plaintiff's lots as they are, and their value as they would have been if the defendants' road had not been built, for the purpose of fixing the compensation to the plaintiff for the easements taken by the defendants. (*Jay* v. *Hopkins*, 5 Den. 84; *Clark* v. *Baird*, 9 N. Y. 183; *Robertson* v. *Knapp*, 35 id. 91; *Van Deusen* v. *Young*, 29 id. 36; *Argotsinger* v. *Vines*, 82 id. 308; *R. & S. R. R. Co.* v. *Budlong*, 6 How. Pr. 467; 10 id. 289; *N. Y., L. E. & W. R. R. Co.* v. *Harnett*, 27 Hun, 151; *In re N. & M. R. R. Co.*, 47 id. 489; *People* v. *McCarthy*, 102 N. Y. 639; *Tallman* v. *M. E. R. Co.*, 121 id. 119.) The admission of evidence to show that this land was specially adapted to a valuable use, and that the railroad had destroyed such use, was proper. (*Boom Co.* v. *Patterson*, 98 U. S. 403; *Chicago & E. R R. Co.* v. *Jacobs*, 110 Ill. 414; *C. R. Co.* v. *Moore*, 124 id. 329; *Galway* v. *M. E. R. Co.*, 13 N. Y. Supp. 47.) Even if the court had erred in the rulings as to the measure of compensation for the easements taken, the error would not be regarded, for the exclusion of the evidence could not have altered the result. (*McGean Case*, 117 N. Y. 223; *Birch* v. *M. E. R. Co.*, 8 N. Y. Supp.

325; *Rooswell* v. *N. Y. E. R. R. Co.*, Id. 547; *Werfelman* v. *M. R. Co.*, 11 id. 66; *Kenkle* v. *M. R. Co.*, 62 Hun, 398.)

*Henry A. Foster* for appellant. The alleged special benefit to the plaintiff's land and building from the elevated railroad cannot be set off against the value of that part of the easements of light, air and access belonging to the plaintiff which defendants have taken. (*N. Y. N. E. Bank* v. *M. E. R. Co.*, 21 J. & S. 512; 108 N. Y. 660; Laws of 1875, chap. 606, § 20; Laws of 1850, chap. 140, § 16; Laws of 1872, chap. 885, § 3; Code Civ. Pro. §§ 3370, 3383; Laws of 1890, chap. 95; *Story* v. *M. E. R. Co.*, 90 N. Y. 179; *Lahr* v. *M. E. R. Co.*, 104 id. 269; 117 id. 448; *S. A. R. R. Co.* v. *Kerr*, 72 id. 333; *Rockhill* v. *Nelson*, 24 Ind. 424; *Ewing* v. *Ewing*, Id. 470; *Van Winkle* v. *Constantine*, 10 N. Y. 422; *McMahon* v. *City of Cincinnati*, 5 Ind. 413; *Newcastle* v. *Brambach*, Id. 543; *Evansville* v. *Fitzpatrick*, 10 id. 120; *W. W. R. R. Co.* v. *McClure*, 29 id. 536; *Frederick* v. *Shane*, 32 Iowa, 254; *Bland* v. *Hixenburgh*, 39 id. 532; *Britton* v. *D., M. O. & S. R. Co.*, 59 id. 540; *A. R. R. Co.* v. *Burkett*, 42 Ala. 84, 89, 90; *Shipley* v. *R. R. Co.*, 34 Md. 336; *Tremont* v. *Whalen*, 11 Neb. 585; *Wagner* v. *Gage County*, 3 id. 237; *Paducah* v. *Stovall*, 12 Heisk. 1; *Woodfolk* v. *N. R. R. Co.*, 2 Swan, 422; *E. T. R. R. Co.* v. *Love*, 3 Head, 64; *Memphis* v. *Bolton*, 9 Heisk. 508; *M. R. R. Co.* v. *McDonald*, 12 id. 54; *Mitchell* v. *Thornton*, 21 Gratt. 164; *James River* v. *Turner*, 9 Leigh, 313; *R. R. Co.* v. *Tyree*, 7 W. Va. 693; *R. R. Co.* v. *Foreman*, 24 id. 662; *Robbins* v. *Harrison*, 6 Wis. 636; *Neilson* v. *City of Chicago*, 58 id. 516; *Washburn* v. *City of Milwaukee*, 59 id. 364; *Brown* v. *Beatty*, 34 Miss. 228; *Penrice* v. *Wallis*, 37 id. 172; *New Orleans* v. *Moye*, 39 id. 374; *Commissioners* v. *Harkleroads*, 62 id. 807; *Whitehead* v. *Arkansas*, 28 Ark. 464.) As the plaintiff was entitled to an absolute injunction against the defendants, the provision that on the payment of the sum fixed as the value of the plaintiff's easements, the injunction should be avoided, was a

grace or privilege to the defendants, and the defendants are
not entitled to complain that the terms on which such a favor
is given to them are higher than they think such terms should
have been. (90 N. Y. 123, 179 ; 104 id. 269, 288 ; 123 id. 1 ;
34 N. Y. S. R. 876 ; 117 N. Y. 448 ; *Smith* v. *City of Roch-
ester*, 38 Hun, 612, 615 ; 104 N. Y. 674 ; *Corning* v. *T. I. &
N. Factory*, 40 id. 191 ; *Lund* v. *City of New Bedford*, 121
Mass. 286 ; *Plumleigh* v. *Dawson*, 6 Ill. 544, 551, 552 ; *Blanch-
ard* v. *Baker*, 8 Me. 253 ; *Chapman* v. *T. M. Co.*, 13 Conn.
269 ; *Crooker* v. *Bragg*, 10 Wend. 260, 266 ; *Wilts & B. C.*,
*etc., Co.* v. *Swindon*, L. R. [9 Ch. App.] 457 ; 7 id. 697 ;
*Ware* v. *Allen*, 140 Mass. 513 ; *Webb* v. *P. M. Co.*, 3 Sumn.
189 ; *Hammond* v. *Zehner*, 21 N. Y. 118 ; *Nicholls* v. *Went-
worth*, 100 id. 455 ; *Eckerson* v. *Crippen*, 110 id. 585 ; *Barnes*
v. *Seligman*, 55 Hun, 339 ; *Bruce* v. *Welsh*, 52 id. 524 ; *Hen-
derson* v. *N. Y. C. & H. R. R. R. Co.*, 78 N. Y. 423 ; *N.
Y. N. E. Bank* v. *M. E. R. Co.*, 108 id. 660 ; *Smith* v. *Rath-
bun*, 75 id. 122, 126, 127 ; *Carll* v. *Oakley*, 97 id. 633, 634 ;
*Genet* v. *Davenport*, 59 id. 648 ; *Bartlett* v. *Stinton*, L. R. [1
C. P.] 483 ; *Pearce* v. *Chaplin*, L. R. [9 Q. B.] 802.)

*John F. Dillon, Julien T. Davies* and *Samuel Blythe
Rogers* for respondents. The reversal at General Term was
properly directed, because of the finding of the trial court that
these premises are worth more than they would have been had
the railway and stations not been built. (*Bonnell* v. *Griswold*,
89 N. Y. 122 ; *Schwinger* v. *Raymond*, 83 id. 192 ; *Conselyea*
v. *Blanchard*, 103 id. 222, 231 ; *Redfield* v. *Redfield*, 110 id.
671 ; *Genet* v. *D. & H. C. Co.*, 122 id. 505 ; *Hart* v. *MacLaury*,
121 id. 636 ; *Elmhirst* v. *Spencer*, 2 M. & G. 45, 50 ; *Kensit*
v. *G. E. R. Co.*, L. R. [23 Ch. Div.] 566, 573 ; *Jeffers* v.
*Jeffers*, 107 N. Y. 653 ; *Morgan* v. *City of Binghamton*, 102
id. 500 ; *T., etc., R. Co.* v. *H. T., etc., R. Co.*, 86 id. 106, 123,
126 ; *People* v. *M. T. Co.*, 31 Hun, 596 ; *Drake* v. *H. R. R.
Co.*, 7 Barb. 508 ; *Jerome* v. *Ross*, 7 Johns. Ch. 315 ; *Living-
ston* v. *Livingston*, 6 id. 497 ; *Newman* v. *M. E. R. Co.*, 118
N. Y. 618 ; Laws of 1882, chap. 410, § 970 ; Laws of 1854,

chap. 384, §§ 3, 6–9 ; *Genet* v. *City of Brooklyn*, 99 N. Y. 296 ; *Rexford* v. *Knight*, 15 Barb. 627; *Newby* v. *P. Co.*, 25 Mo. 258 ; *Helck* v. *Reinheimer*, 105 N. Y. 470 ; *J. R. Co.* v. *Turner*, 9 Leigh. 313 ; *Betts* v. *City of Williamsburgh*, 15 Barb. 256 ; *C. & P. R. Co.* v. *Francis*, 70 Ill. 238 ; *Young* v. *Harrison*, 17 Ga. 30 ; Lewis on Em. Domain, § 470 ; 1 Redf. on Railways [6th ed.], 272 ; *In re B. E. R. Co.*, 55 Hun, 165 ; *Henderson* v. *N. Y. C. & H. R. R. R. Co.*, 78 N. Y. 423 ; *In re W. S. R. R. Co.*, 29 Hun, 609 ; *T. & B. R. R. Co.* v. *Lee*, 13 Barb. 169 ; *U., etc., R. Co.* v. *Lee*, 56 id. 456 ; *B. R. R. Co.* v. *Barnard*, 9 Hun, 104, 105, 106 ; *In re N. Y. C. R. R. Co.* v. *Judge*, 15 id. 63 ; *In re N. Y., L. E. & W. R. Co.* v. *Arnot*, 27 id. 151, 155 ; *In re N. Y., L. E. & W. R. Co.* v. *Miller*, 49 id. 542 ; *Dupins* v. *C. & N. W. R. Co.*, 115 Ill. 97 ; *Frederick* v. *Shane*, 32 Ia. 254 ; *H. & N. R. Co.* v. *Dickerson*, 17 B. Mon. 173 ; *Whitman* v. *B. & M. R. R. Co.*, 7 Allen, 313 ; *Memphis* v. *Bolton*, 9 Heisk. 508.) The reversal at General Term was properly directed because of the express refusal of the trial judge to take into consideration any special or peculiar benefits. (*Cross* v. *Plymouth*, 125 Mass. 557 ; *Hilbourne* v. *Suffolk*, 120 id. 393 ; *Donovan* v. *Springfield*, 125 id. 373 ; *Drucker* v. *M. R. Co.*, 106 N. Y. 157 ; *McGean* v. *M. R. Co.*, 117 id. 219 ; *Avery* v. *N. Y. C. & H. R. R. R. Co.*, 121 id. 31 ; *P. & L. E. R. Co.* v. *Robinson*, 95 Penn. St. 426 ; *Hayes* v. *O., etc., R. Co.*, 54 Ill. 373, 375 ; *Nicholson* v. *N. Y. & N. H. R. Co.*, 22 Conn. 74, 79 ; *Cleveland & P. R. Co.* v. *Ball*, 5 Ohio St. 568, 578 ; *Payne* v. *Woods*, 108 Mass. 160 ; *Trinity College* v. *City of Hartford*, 32 Conn. 452 ; *Van Slyke* v. *Hyatt*, 46 N. Y. 259 ; *Leffler* v. *Field*, 33 How. Pr. 385.) The reversal in this case was properly directed, for the error of the trial judge in admitting the opinions of witnesses, as to what this property would be worth if the railway were not there. (*McGean* v. *M. R. Co.*, 117 N. Y. 219 ; *Avery* v. *N. Y. C. & H. R. R. R. Co.*, 121 id. 31 ; *Starbird* v. *Barrows*, 43 id. 200 ; *Coleman* v. *People*, 58 id. 555 ; *People* v. *Fernandez*, 35 id. 59 ; *Foote* v. *Beecher*, 78 id. 155, 157 ; *Williams* v. *Fitch*, 18 id. 546 ; *Carroll* v. *Diemel*, 95 id. 252, 256 ; *Hol-*

*comb* v. *Holcomb*, Id. 316, 329.) The reversal was properly directed, for the error of the trial judge in admitting evidence that the plaintiff's land, had the railway not been built, might have been used for fashionable private residences, whereas now it is only suitable for shops and flats. (*Greene* v. *N. Y. C. R. R. Co.*, 12 Abb. [N. C.] 124; *Filer* v. *N. Y. C. R. R. Co.*, 49 N. Y. 44; *Caldwell* v. *Murphy*, 1 Duer, 248; 11 N. Y. 416; *Fetter* v. *Beal*, 1 Ld. Raym. 339; *Brown* v. *Howard*, 4 Moore, 508; Angell on Lim. [6th ed.] 123; *Howell* v. *Young*, 5 B. & C. 259; *Battley* v. *Faulkner*, 3 B. & Ald. 288; *Northrop* v. *Hill*, 61 Bark. 136; *Argall* v. *Bryant*, 1 Sandf. 98; *McKerras* v. *Gardner*, 3 Johns. 137; *Bank of Utica* v. *Childs*, 6 N. Y. 238; *Griffin* v. *Colver*, 16 id. 489; *Ehrgott* v. *Mayor, etc.*, 96 id. 264; 1 Sedg. on Dam. 38, 90, 144; *Tallman* v. *M. E. R. Co.*, 121 N. Y. 119; *S. A. R. R. Co.* v. *M. E. R. Co.*, 56 Hun, 182; *Dorland* v. *R. R. Co.*, 46 Penn. St. 520.) The enactment of the condemnation law of 1890, so far from militating against the General Term decision, is an additional and most cogent argument in its favor. (Endlich on Inter. of Statute, § 368.) Plaintiff was not entitled to an injunction, except to prevent actual appreciable injury. (*MacLaury* v. *Hart*, 121 N. Y. 636; *Brush* v. *M. R. Co.*, 26 Abb. [N. C.] 73; *Genet* v. *D. & H. C. Co.*, 34 N. Y. S. R. 247; *Thomas* v. *M. P. Union*, 121 N. Y. 45; *Jeffers* v. *Jeffers*, 107 id. 650; *Campbell* v. *Seaman*, 63 id. 568; *Bigelow* v. *H. B. Co.*, 14 Conn. 565; *Eastman* v. *A. M. Co.*, 47 N. H. 78; *Kensit* v. *G. E. R. Co.*, L. R. [23 Ch. Div.] 566; *City of New York* v. *Mapes*, 6 Johns. Ch. 46; *Jerome* v. *Ross*, 7 id. 315.) But the judgment in this case is not one of injunction merely. Decrees or judgments like the one in this case have been generally by the lower courts given the effect of adjudications upon the question of the value of the easements taken by the railway company. (*In re M. E. R. Co.*, 27 N. Y. S. R. 576; *Henderson* v. *N. Y. C. & H. R. R. R. Co.*, 78 id. 430; *Doty* v. *Brown*, 4 N. Y. 71, 75; *Smith* v. *Smith*, 79 id. 334; Stephen on Evidence, art. 11n; *S. A. R. R. Co.* v. *M. E. R. Co.*, 56 Hun, 182.) Plaintiff's right is a right to use the equit-

able process of the court to compel the making of compensation, and not a right to recover specific real property, or the right to an injunction, irrespective of actual damage. (*Pond v. M. E. R. Co.*, 112 N. Y. 189; *N. E. Bank* v. *M. E. R. Co.*, 108 id. 418; *Tallman* v. *M. E. R. Co.*, 121 id. 119; *N. Y. E. R. Co.* v. *F. N. Bank*, 135 U. S. 432; *Henderson* v. *N. Y. C. & H. R. R. R. Co.*, 78 N. Y. 424; *Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 id. 98; *Taylor* v. *M. E. R. Co.*, 18 J. & S. 311; *People* v. *A., etc., R. Co.*, 24 N. Y. 261; *Powers* v. *M. R. Co.*, 120 id. 128.) In the present case the facts are such that to grant an absolute injunction would be inequitable and unjust to the defendant and to the public. (1 Story's Eq. Juris. § 28; Kerr on Inj. 43; Pom. on Spec. Perf. § 474; *Russell* v. *Farley*, 105 U. S. 433.) If the order of the General Term is reversed, the Special Term judgment should be modified by the insertion of equitable terms which the exigencies of this case require. (*Story* v. *M. E. R. Co.*, 90 N. Y. 179.)

EARL, J. The main question argued before us and considered at the General Term is whether the plaintiff could maintain his judgment in the face of a finding that his "premises would not be worth as much as they now are had the railway and stations not been built." This is a very important question, and its determination may not only affect this case, but may others pending or to be commenced. We do not deem it important or proper now to determine it, as there are other grounds for the affirmance of the order appealed from. That question may remain undetermined in this court until it is presented for consideration in some case where its solution is required.

We may look into the record and affirm the order if any error is found there to the prejudice of the defendants.

The question of fee damages was closely contested upon the trial. The principal litigation between the parties related to that, and the defendants had the right to have it determined upon competent evidence. Martine, an expert witness called

by the plaintiff, was asked this question : " What would be the
value of the four lots at present if there were no interference
with the light, air and access which you have described ? " The
defendants sufficiently objected to this, the court overruled
the objection, and the witness answered : " Worth $112,000."
Curtis, another expert witness, was asked this question : " Will
you state what, in your opinion, would the value of the prop-
erty be were it not for the existence of this interference with
light, air and access by the elevated railroad and its struc-
tures and its cars ? " Defendants' objection being overruled,
the witness answered : " $110,000." Henriques, also an expert
witness for the plaintiff, was asked a similar question, and,
defendants' objections being overruled, he answered : " In
the neighborhood of $112,000 to $115,000." We have just
decided in *Roberts* v. *Elevated Railroad*[*] and *Doyle* v. *The
Same*[†] that such questions were incompetent, and that it is
erroneous to permit them to be answered. The reasons for
our decision are found in the opinion of Judge PECKHAM in
the case first cited, and we need add nothing thereto.

The witness Henriques was also asked this question : " What,
in your opinion, is the best use to which this property (the
four lots) could have been put if it had not been for the ele-
vated railroad and this interference ? " This was objected to
on behalf of the defendants " as not within the issue, as hypo-
thetical and conjectural, and as not bearing upon the value of
the easements in question, nor the true measure of damages,
and as calling for the whole of the damage and not that result-
ing merely from a violation of the plaintiff's easement, and as
incompetent, irrelevant and immaterial." The court overruled
the objections, and the witness answered : " First class dwell-
ings." He was then asked : " What is its best available use
now ? " This was objected to on the same grounds, and the
witness was permitted to answer : " Stores and flat houses."
The first of these two questions was clearly incompetent for
the same reasons which condemn the questions first above
referred to. What would have been the state of things at and

*Ante,* page 455.   † *Ante,* page 488.

in the vicinity of plaintiff's lots if the elevated road had not been constructed was mere matter of speculation and conjecture. No opinion in reference thereto could be based upon observed or proved facts. The conditions upon which the witness was asked to base his opinion never existed, and could not exist. Nor was it competent to prove by the opinions of witnesses the "best use" to which the lots could have been or could be put. The facts bearing upon the matter should be proved, and the inferences from them should be drawn by the triers of fact.

It is claimed, however, that the General Term ought not to have reversed the whole judgment, and that it should have permitted that portion of the judgment to stand which awarded the injunction. The injunction was not absolutely awarded; but it was awarded substantially upon the condition that if the defendants would pay the plaintiff the damage done to his lots by the taking of his easements, which was found to be eight thousand dollars, it should not issue. The amount of damage was thus quite material. Unless the court had found it to be substantial, it could, in the exercise of its discretion, have withheld the injunction and left the plaintiff to his remedy at law. An equity court is not bound to issue an injunction when it will produce great public or private mischief merely for the purpose of protecting a technical or unsubstantial right. (*McHenry* v. *Jewett*, 90 N. Y. 58; *Health Department* v. *Purdon*, 99 id. 237; *Jeffers* v. *Jeffers*, 107 id. 650; *Genet* v. *D. & H. C. Co.*, 122 id. 505; *Thomas* v. *M. Mutual Protective Union*, 121 id. 45; *MacLaury* v. *Hart*, Id. 636.) The injunction is so dependent upon the damages that the General Term could not with propriety reverse the judgment as to damages and permit it to stand as to the injunction. But even if it could have reversed the judgment in part, it is at least generally in the discretion of the court when it finds error in part of a judgment requiring a reversal of such part, to reverse the whole judgment, and that discretion will not, certainly except under peculiar circumstances which do not exist here, be interfered with upon appeal to this court. For

these views, the case of *Roberts* v. *Elevated Railroad* is also· an authority.

For the errors mentioned, the order appealed from should be affirmed and judgment absolute ordered for the defendants, with costs.

All concur, except Gray, J., not sitting.

Order affirmed and judgment accordingly.