## MATTLÁGE v. NEW YORK EL. R. CO. et al.

*(Common Pleas of New York City and County, General Term.   November 7, 1892.)*

**1. ELEVATED RAILROADS—MEASURE OF FEE DAMAGES.**

In an action to enjoin the maintenance and operation of an elevated railroad in front of plaintiff's premises, damages for permanent injuries cannot be awarded where the court finds that "the fee value of said premises is greater to-day than at any time before the erection of said railway structure," and there is no evidence either that the increase in value was due to a cause other than the railroad, or that such increase would have been greater but for the presence of the railroad. *Bohm v. Railway Co.*, 29 N. E. Rep. 802, 129 N. Y. 576, followed.

**2. SAME—MEASURE OF PAST DAMAGES.**

Nor can past damages be awarded where the court finds from the evidence that the present rental value of the premises largely exceeds that of any period preceding the construction of the railway.

Appeal from equity term.

Action by Charles F. Mattlage against the New York Elevated Railroad Company and the Manhattan Railway Company to enjoin the maintenance and operation of an elevated railroad in front of plaintiff's premises. From a judgment for plaintiff, awarding an injunction and damages for past injuries, defendants appeal. Reversed.

Argued before DALY, C. J., and PRYOR and GIEGERICH, JJ.

*Davies & Rapallo, (Julien T. Davies* and *Herbert Barry,* of counsel,) for appellants. *Charles D. Ridgway,* for respondent.

PRYOR, J. By appropriate exceptions appellants challenge the validity of the judgment in respect both of fee and rental damage, and we are constrained to the conclusion that in each particular the learned trial court committed error. At last the measure of compensation for the wrongful invasion and appropriation of private property in the streets by elevated railroad companies has been definitely determined by the court of appeals, and it is this: For property actually taken by the companies they must pay the full market value without allowance or reduction on account of benefits; and as to property not taken, but injuriously affected, they must make good the depreciation caused by such wrongful invasion and appropriation. *Bohm v. Railway Co.,* 129 N. Y. 576, 29 N. E. Rep. 802. As to the latter element of compensation, namely, damage to property not taken, the case cited conclusively establishes the proposition that, if the value of such property be not diminished by the presence and operation of the railroad, then no injury has been sustained and no indemnity is due. For the mere taking of plaintiff's easements in the street, he is entitled only to nominal damages. *Bohm v. Railway Co., supra; Newman v. Railway Co.,* 118 N. Y. 618, 23 N. E. Rep. 901. And, as to the injury inflicted upon him by the wrongful appropriation of his property in the soil of the street, we are not authorized to infer that it was substantial, since no evidence was adduced or finding made as to the value of that property. It results, therefore, that the sum to which plaintiff is entitled on account of permanent injury to his premises depends upon and is proportioned to the amount of depreciation in their value. This amount the learned trial judge ascertained to be $10,250. But the learned trial judge finds as a fact, that "the fee value of said premises is greater to-day than at any time before the erection of said railway structure." He does not find, nor did the evidence authorize him to find, that this increase in the value of plaintiff's premises was due to any other cause than the agency of defendants' railroad; neither does he find, nor did the evidence authorize him to find, that but for the presence of the railroad the increase of value would have been still greater. "There is not a shadow of evidence that if the defendants had not taken this property and built their railroad the property of the plaintiff would have been as valuable, or anything like as valuable, as it is." 129 N. Y. 594, 29 N. E. Rep. 807. It is apparent, therefore, that the

plaintiff "has not been injured to the extent of a farthing." "Where it appears that the property left has actually advanced in value, unless it can be shown that but for the act of defendants it would have grown still more in value, the fact is plain that it has not been damaged." *Bohm's Case,* 129 N. Y. 593, 29 N. E. Rep. 806. The fact that the increase in the value of other property is at a greater rate than in that of the plaintiff "is not of the slightest importance upon the question whether the plaintiffs have been injured by defendant's conduct. * * * The plaintiffs are not damaged because their neighbors are benefited to even a greater extent than they are by the defendants' road " 129 N. Y. 594, 595, 29 N. E. Rep. 807. As to past damages, the learned trial judge finds that they amount to the sum of $7,997.07. But he finds also that the present rental value of the premises "is in excess of the rental value thereof during any period since the year 1869," and "largely in excess of the rental value thereof during the period immediately preceding the construction of said railway," (1878.) Upon the argument above presented we conclude that the judgment is vitiated by error as well in the allowance of past as of permanent damages. Without reference to other formidable objections urged against the judgment, it must be reversed for the errors indicated, and a new trial ordered, costs to abide the event. All concur..