HOFFMAN *v.* MANHATTAN EL. R. Co. *et al.*

*(Common Pleas of New York City and County, General Term.* November 7, 1892.)

ELEVATED RAILROADS—INJUNCTION—WHEN ALLOWED.

The evidence in an action to enjoin the maintenance and operation of an elevated railroad in a street in front of plaintiff's premises was insufficient to entitle plaintiff to an injunction, where it showed that the value of the property and easements taken and appropriated by defendants was $2,000, but that the selling value of the land was greater at the time of the trial than at any time preceding the construction of the road, and where it failed to show that a greater increase in the value of the property was prevented by the railroad.

Appeal from equity term.

Action by Nicholas Hoffman against the Manhattan Elevated Railroad Company and the Metropolitan Elevated Railway Company to enjoin the maintainance and operation of defendants' elevated railroad in the avenue fronting plaintiff's premises. From a judgment for plaintiff, awarding an injunction and damages for past injury to the premises, defendants appeal. Reversed.

Argued before DALY, C. J., and BOOKSTAVER and PRYOR, JJ.

*Davies & Rapallo,* (*Julien T. Davis* and *R. L. Maynard,* of counsel,) for appellants. *L C. Dessar,* (*L. C. Dessar* and *Joseph B. Reilly,* of counsel,) for respondent.

PRYOR, J. The solitary ground upon which appellants rely for reversal of the judgment is that "the evidence is not sufficient to prove any damage to the plaintiff's property, or to entitle him to an injunction." If this contention be correct, the judgment is untenable. When a plaintiff establishes a title to equitable relief, the court acquires jurisdiction to dispose of the entire controversy, and to do complete justice between the parties. *Lynch* v. *Railroad Co.,* 129 N. Y. 274, 29 N. E. Rep. 315. But when the action proceeds exclusively upon a claim to equitable relief, and on the trial no ground for such relief is shown, judgment for the defendant is the inevitable legal conclusion. *McGean* v. *Railroad Co.,* 133 N. Y. 9, 13, 30 N. E. Rep. 647; *Arnold* v. *Angell,* 62 N. Y. 508; *Brush* v. *Railroad Co.,* (Com. Pl. N. Y.) 13 N. Y. Supp. 908, affirmed at general term, 17 N. Y. Supp. 540. "The owner's land must have received some injury, caused by the taking of the easements and the erection or operation of the road, in order to permit a judgment in favor of the plaintiff." *Becker* v. *Railroad Co.,* 131 N. Y. 509, 511.

30 N. E. Rep. 499. Here the action is purely in equity for injunctive relief, of which the right to past damages is only an accessory. *Shepard* v. *Railroad Co.*, 117 N. Y. 442, 448, 23 N. E. Rep. 30, 131 N. Y. 215, 30 N. E. Rep. 187; *Lynch* v. *Railroad Co.*, 129 N. Y. 274, 29 N. E. Rep. 315. The question, then, is whether the plaintiff has vindicated his title to equitable relief by establishing a ground for an injunction against the maintenance and operation of the defendants' railroad. The simple invasion and appropriation of plaintiff's easements in the street, without depreciation of the property to which they are appurtenant, is a mere technical wrong, entitling only to nominal damages. *Newman* v. *Railway Co.*, 118 N. Y. 618, 23 N. E. Rep. 901; *Bohm* v. *Railway Co.*, 129 N. Y. 576, 29 N. E. Rep. 802. But a mere technical injury, not of substantial detriment to the plaintiff, is no ground for an injunction that would afflict the defendant and the public with irreparable loss and immeasurable inconvenience. *Gray* v. *Railroad Co.*, 128 N. Y. 499, 28 N. E. Rep. 498; *Bohm* v. *Railway Co.*, 129 N. Y. 576, 29 N. E. Rep. 802; *Brush* v. *Railroad Co.*, *supra;* *Purdy* v. *Railway Co.*, (Com. Pl. N. Y.) 13 N. Y. Supp. 295.

Does the record sustain appellants' position that the evidence fails to show any damage to plaintiff's property? Plaintiff's easements in the street being in themselves only of nominal value, whether from the appropriation of them by the defendants he has sustained an appreciable injury depends upon the effect of such appropriation on the value of his remaining property. If there be no evidence which will fairly support an inference that the railroad has either depreciated that property, or has prevented or diminished an increase in its value, then it was error in law to find damage to the property. *Becker* v. *Railroad Co.*, 131 N. Y. 509, 511, 30 N. E. Rep. 499; *Bohm* v. *Railway Co.*, 129 N. Y. 576, 29 N. E. Rep. 802. The learned trial judge found "that the value of plaintiff's interests and property in the aforesaid premises has been lessened in the sum of $2,000, by the acts of the defendants;" and that, consequently, "the value of the property and easements taken and appropriated by the defendants is $2,000." But the learned judge also found that "the selling value of the plaintiff's land was greater at the time of the trial than at any time preceding the construction of the defendants' road." There being, since the construction of the railroad, no decrease, but, instead, a positive increase, in the value of plaintiff's property, in the absence of a finding, or of evidence to warrant a finding, that a greater increase in the value of the property was prevented by the railroad, it results that the property has sustained no damage by reason of the railroad. *Bohm's* and *Becker's Cases, supra; Mattlage* v. *Railroad Co.*, 20 N. Y. Supp. 624, (herewith decided.) Furthermore, since plaintiff gave no evidence of the present or past fee value of his property, no basis was afforded for an inference as to the effect af the railroad upon the value of the property. He did give evidence as to rental values; but without proof, of which there was none, of a ratio between the fee and rental value, there was still no basis for an estimate of the effect of the railroad on the value of plaintiff's property. Though unnecessary to exhibit the insufficiency of plaintiff's case, we may add that defendants' proof demonstrates a very material advancement in the value of the property since the construction of the railroad, and that upon all the evidence we are absolutely convinced of the fact. The rule propounded in *Storck* v. *Railroad Co.*, 131 N. Y. 514, 30 N. E. Rep. 497, is inapplicable to the facts of this case. The conclusion being that the record exhibits no evidence to authorize injunctive relief against the appellants, it follows that the judgment must be reversed, and a new trial ordered, costs to abide the event. All concur.