## GRAY v. MANHATTAN RY. CO. et al.

(Common Pleas of New York City and County, General Term. April 3, 1893.)

1. COSTS—EXTRA ALLOWANCE—BASIS.
   An action to enjoin an elevated railroad company from operating its road in front of plaintiff's premises, and for such sum as may be found due plaintiff on an accounting for the depreciation of his property, was decided in defendant's favor on the ground that plaintiff's property had not depreciated in value. *Held*, that an allegation in the complaint that plaintiff's premises had depreciated $75,000, made simply as the basis for injunctive relief, but not claimed as damages, cannot serve as the basis on which to calculate an extra allowance to the costs of 5 per cent. on the amount claimed in the complaint.

2. SAME.
   A judgment for $8,000 in plaintiff's favor as past damages caused by the construction and operation of the road cannot serve as the basis of an

extra allowance of 5 per cent. where such judgment was subsequently reversed on the ground that plaintiff had suffered merely nominal damages.

Appeal from special term.

Action by John A. C. Gray against the Manhattan Railway Company and others for an injunction to restrain the operation of defendants' elevated railroad in front of plaintiff's property, and for past damages. Judgment was finally rendered in defendants' favor, pursuant to a decision of the court of appeals. 28 N. E. Rep. 498, affirming 12 N. Y. Supp. 542. Plaintiff now appeals from an order granting defendants an extra allowance to costs. Reversed.

Argued before BISCHOFF, PRYOR, and GIEGERICH, JJ.

Edward C. Perkins, for appellant.
Davies & Rapallo, for respondents.

GIEGERICH, J. This is an appeal from an order awarding to the defendants an allowance of $400, in addition to the costs of this action. The action was brought to restrain the maintenance and operation of the elevated railroad in front of the plaintiff's premises, situate at the corner of Ninth avenue and Seventy-First street in the city of New York. The relief demanded was to enjoin the defendants from operating their railway in front of or past the plaintiff's premises, for an accounting to ascertain the damages already accrued, and for judgment for the amount of the damage. The action was tried at an equity term, where the plaintiff failed to recover any past damages, but an injunction was awarded to him, to be obviated upon payment of $8,000, and judgment was entered accordingly. On appeal to the general term of this court the judgment was reversed, and a new trial granted. The plaintiff then appealed to the court of appeals, and gave a stipulation for judgment absolute in defendants' favor in case the order was affirmed. The court of appeals affirmed the order on the ground of errors in the admission of evidence. 128 N. Y. 499, 28 N. E. Rep. 498. The defendants thereafter applied for "an extra allowance to the costs of 5 per cent. upon the amount claimed in the complaint herein," and an additional allowance of $400 was awarded, and from that order an appeal was taken. The question is thus presented whether the granting of an allowance was justified under the circumstances. It is claimed by counsel for the respondents that the complaint (paragraph 13) contains a distinct allegation of damages amounting to $75,000. Although it is therein alleged that the value of the plaintiff's rights has been depreciated by the building of the road, the damages so alleged to have been suffered, however, are not claimed; and the allegation so made is made simply as a basis for injunctive relief. The complaint merely seeks and asks for an injunction, and for such sum as may be found due to the plaintiff herein on an accounting. In this aspect there is no money basis on which to calculate a percentage. Coleman v. Chauncey, 7 Rob. (N. Y.) 578; Spofford v. Land Co., 41 N. Y. Super. Ct. 228; Conaughty v. Bank, 92 N. Y. 401; Lyon v. Belchford, 8 Civil Proc. R. 229, note. The respondents contend further

that by procuring an extra allowance of $400, and entering judgment for it, the appellant "is estopped from denying that it has a legitimate basis in the value of the subject-matter of the litigation." The record, however, shows that the court below did not allow any past damages, but awarded an injunction, to be obviated on payment of $8,000. It also appears from the findings made upon the trial of this action that "said premises would not be worth as much as they are now had the said railroad and station not been built," and the court of last resort decided that the value of the easement taken by the defendants was merely nominal. It is manifest that the facts in this case as presented on this appeal do not afford the basis of an extra allowance, and for the reasons above stated the order appealed from should be reversed, with costs. All concur.