(10 Misc. Rep. 259.)

### SILLCOCKS v. MANHATTAN RY. CO. et al.

(Common Pleas of New York City and County, Equity Term. November, 1894.)

ELEVATED RAILROADS—DAMAGES TO ABUTTERS.

    No recovery can be had by an abutting owner because of a change in the general character of the neighborhood by the construction of defendant's elevated railroad, where the construction and operation of the railroad increased the value of plaintiff's premises.

Action by Warren S. Sillcocks against the Manhattan Railway Company and others for an injunction and damages. Complaint dismissed.

L. C. Dessar (Joseph B. Reilly, of counsel), for plaintiff.

Davies & Rapallo (Julien T. Davies and E. C. James, of counsel), for defendants.

BISCHOFF, J. The premises in suit are known as "Nos. 160 and 162 Park Row" (formerly Chatham street), in the city of New York, of which the plaintiff has been the owner since 1878. Since 1879 the defendants' elevated railway has been maintained and operated in the street in front of the premises, and this action was brought to enjoin such maintenance and operation in the future, as well as to recover damages for the past loss of rental value caused by the said railway. After careful scrutiny and consideration of the evidence adduced, I am unable to conclude that the presence of the railway has visited the plaintiff's premises with substantial injury to either their fee or rental value. Within the ruling, therefore, of Gray v. Railway Co., 128 N. Y. 499, 28 N. E. 498, I am constrained to dismiss the complaint, the plaintiff having failed to substantiate his right to injunctive relief. The judgment for such dismissal should, however, be without prejudice to a future action for the defendants' continued trespass.

It is conceded that the plaintiff's premises have shared in the general depression of fee and rental values which followed the commercial panic of 1873, and continued until about 1877, when there began a period of gradual reversion of real estate towards the values which had obtained before the panic. From the plaintiff's own showing, his premises have also shared in this general recovery, and since the advent of the railway in the street in front thereof, in 1879, have steadily increased in both fee and rental value, until at the time of the trial those values were in excess of what they were in any previous year. Instances appear of other premises in the vicinity of those in suit, but situated upon streets along which the railway did not extend, which had increased in fee and rental value to a greater extent than the plaintiff's; but in other instances, also in evidence, the premises were shown to have suffered a continued diminution of values. These last-mentioned premises, also, were situated upon streets other than Park Row, and in the vicinity of the plaintiff's premises. No satisfactory evidence, however, was adduced from which it may be legitimately found or inferred that the plaintiff's premises were prevented from sharing the greater enhancement of values by the presence of the railway. A fair consideration of the evidence leads rather to an opposite conclusion. With but a comparatively slight outlay for alterations, the premises 188, 190, and 192 Park Row, in the immediate vicinity of the plaintiff's premises upon the same street, were caused to produce an actual rental nearly double of what it had been. Be it so, that Park Row has suffered generally since the advent of the railway by the substitution of a less desirable class of business for that which generally prevailed; still that fact does not sustain the allegation

of damage, in view of the further fact that the plaintiff's premises at the time of the trial, in respect to both fee and rentals, were worth more than at any time before. A general change of character of the neighborhood affords no sufficient basis for the predication of damages, the plaintiff's right of recovery being confined to the specific injury to his premises. It was incumbent upon the plaintiff to show that, but for the railway, his premises would have been worth more than they were shown to be, and in this respect he has failed. American Bank-Note Co. v. New York El. R. Co., 129 N. Y. 252; 29 N. E. 302; Bohm v. Railway Co., 129 N. Y. 576, 29 N. E. 802; Somers v. Railway Co., 129 N. Y. 576, 29 N. E. 802; Becker v. Railway Co., 131 N. Y. 509, 30 N. E. 499; Storck v. Railway Co., 131 N. Y. 514, 30 N. E. 497; also, see Mattlage v. Railroad Co., 1 Misc. Rep. 339, 20 N. Y. Supp. 624. Complaint dismissed, with costs.