(12 Misc. Rep. 5.)

### SMITH v. INGERSOLL–SERGEANT ROCK DRILL CO.

(Common Pleas of New York City and County, General Term.   April 1, 1895.)

1. DAMAGES—NOMINAL AWARD—WHEN ERRONEOUS.
    An award of nominal damages for a substantial injury is error.
2. INJUNCTION—AGAINST NOMINAL INJURY.
    A nominal injury constitutes no title to injunctive relief.
(Syllabus by the Court.)

Appeal from equity term.

Action by James B. Smith against the Ingersoll-Sergeant Rock Drill Company.  A judgment was rendered granting an injunction to plaintiff of six cents damages, and costs.  Plaintiff appeals from all the judgment except so much thereof as awarded costs, and defendant appeals from the whole judgment.  Reversed.

Argued before DALY, C. J., and PRYOR and GIEGERICH, JJ.

Jacob F. Miller, for plaintiff.
William L. Turner, for defendant.

PRYOR, J.  On an appeal by both parties, each solicits a new trial; and, on the record before us, we have no alternative but to accommodate the decision to their desire.  The action is to restrain a nuisance, and for damages.  The learned trial judge finds as a fact that the nuisance "has materially lessened the beneficial use and enjoyment of plaintiff's premises, and that it will continue to lessen the beneficial use and enjoyment of plaintiff's premises"; and, accordingly, he concludes that, as a deduction of law, the plaintiff is entitled to injunctive relief, but he estimates that six cents is an adequate award of damages.  Here must be fallacy either in the premise or conclusion.  A party is entitled to indemnity commensurate with his injury, and nominal damages is the recompense only of nominal loss.  If the sum awarded to plaintiff be sufficient, he sustained no substantial injury; if he sustained substantial injury, the amount is insufficient.  The dilemma involves error fatal to the judgment.  If the plaintiff suffered substantial loss, the compensation afforded him is inadequate. If his injury be unsubstantial, he has no right to an injunction. "The injunction is so dependent upon the damages that the general term could not with propriety reverse the judgment as to damages, and permit it to stand as an injunction."  Gray v. Rail-

road Co., 128 N. Y. 499, 509, 28 N. E. 498; Genet v. Canal Co., 122 N. Y. 505, 529, 25 N. E. 922; Purdy v. Railroad Co. (Com. Pl. N. Y.) 13 N. Y. Supp. 295, 297.

The award of nominal damages may not be vindicated on the ground that the evidence was only of an uncertain and indeterminate amount, because the court found six cents to be the sum to which "the plaintiff is entitled," and because, as against a wrongdoer, the injured party is not bound to proof of his exact loss. Wakeman v. Manufacturing Co., 101 N. Y. 205, 216, 4 N. E. 264; Trust Co. v. O'Brien, 143 N. Y. 284, 289, 38 N. E. 266; Drucker v. Railroad Co., 106 N. Y. 157, 12 N. E. 568; Brush v. Railroad Co. (Com. Pl. N. Y.) 13 N. Y. Supp. 908.

Judgment reversed, and new trial ordered, without costs to either party. All concur.