(14 Misc. Rep. 291.)

### MATTLAGE v. NEW YORK EL. R. CO. et al.

(Common Pleas of New York City and County, General Term. November 4, 1895.)

1. HIGHWAYS—TITLE TO FEE.

    Land under water in the city of New York was granted by the city to the upland owner, who covenanted to leave and keep in repair a street along the land granted, but no part of the premises was excepted from the grant. The street referred to was laid out; and the land by mesne conveyances passed to plaintiff. The deeds to plaintiff and to his predecessors described the land as bounded "in front by" the street. *Held*, that the deed to plaintiff conveyed the fee in the street.

2. INJUNCTION—SUBSTANTIAL INJURY—BURDEN OF PROOF.

    In order to defeat the right to enjoin the operation of defendant's elevated railway constructed by defendants in the street on which plaintiff's premises abutted, and in which plaintiff owned the fee to the center, without having first acquired the right by condemnation proceedings, defendants must show that the land taken was of no value or only of nominal value.

Appeal from special term.

Action by Charles F. Mattlage against the New York Elevated Railroad Company and the Manhattan Railway Company to enjoin defendants from maintaining and operating their elevated railway in the street in front of and contiguous to plaintiff's premises, defendants not having acquired the right to maintain their railway either by purchase or by the exercise of the power of eminent domain. From a judgment denying injunctive relief, and yet awarding to plaintiff nominal damages and costs, plaintiff appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Charles D. Ridgway, for appellant.
Julien T. Davies and Brainard Tolles, for respondents.

BISCHOFF, J. The premises involved are situated on the corner formed by the intersection of the westerly side of Greenwich street with the southerly side of Warren street, in the city of New York, being 26 feet and 6 inches in front on Greenwich street; and the action was brought to enjoin the maintenance and operation of the defendants' elevated railway in Greenwich street in front of the premises, as well as the maintenance of their station extending partly on Greenwich street and partly on Warren street. Upon the trial, however, the plaintiff disclaimed all contention with regard to the station.

The plaintiff claimed and the trial court adjudged him to be the owner in fee of the premises above alluded to, as well as of the land contiguous thereto and forming the bed of Greenwich street, to the center thereof, upon which the defendants' railway was constructed, subject to the perpetual use of the land last alluded to for the purposes of a public street. Such being the facts, it was error for the trial court to conclude that the damage which resulted to the plaintiff from the defendants' appropriation of the land in Greenwich street was nominal only, and upon that ground to refuse him injunctive relief.

At the time of the conveyance hereinafter next to be alluded to, the premises in question, including the soil of Greenwich street, were a part of the land under the waters of the Hudson river, and were owned by the corporation of the city of New York, the upland contiguous to such land under water being at the time the property of the corporation of Trinity Church. Greenwich street, as such, does not appear then to have existed in front of the premises involved. On November 18, 1773, the corporation of the city of New York conveyed to the corporation of Trinity Church "all the land, ground, soil, and water lots" extending 200 feet beyond low-water mark, "situate, lying, and being in front of" and "contiguous to" the land of the grantee, with all the "estate, right, title, possession, use, interest, property, claim, and demand whatsoever of" the grantor in and to the land under water and first above alluded to. By the deed of conveyance, the grantee covenanted to "leave a street of sixty-six feet, English measure, in breadth," to be known as Greenwich or First street, and to extend along high-water mark of the land conveyed; the same "to remain a public street of said city." The grantee furthermore covenanted to cause such street, with others, to be made and completed by the 25th day of September, 1780; to maintain the several streets at all times thereafter in good and sufficient repair; and that the same should continue forever "for the free use and common passage of, and public streets and ways for, the inhabitants of the city of New York, and all others passing or returning through or by the same, in such manner as the other public streets of the same city now are or lawfully ought to be." No part of the tract of land described in the prem-

ises to be the subject-matter of the conveyance was excepted; and throughout the conveyances of the premises in suit, from the deed by the corporation of Trinity Church down to and including the one to the plaintiff, the same were described as bounded "easterly in front by Greenwich street."

We are convinced of the accuracy of the conclusion that the plaintiff is the owner in fee of so much of the bed of Greenwich street as is contiguous to and in front of his remaining land, to the center thereof. As we construe the conveyance to the corporation of Trinity Church, it operated to vest the fee of the entire tract of land under water in the grantee. Giving effect to the grantee's covenant to open and maintain Greenwich street as a reservation by the grantor, such reservation is fully satisfied if extended to an easement—a right of way—only; and the reservation of the easement, because of obvious conflict, excludes intention to claim the continued ownership of the fee.

Applying, next, familiar rules governing the construction of grants of land abutting upon streets or highways to the subsequent deeds, the plaintiff's succession to the fee of the soil of Greenwich street is apparent. These rules are that, if the grantor of land which is described as bounded by a street or highway, is at the time of the conveyance also seised in fee of the land over which such street or highway extends, he will be presumed to have included the last-mentioned land to the center (Insurance Co. v. Stevens, 87 N. Y. 287, 291); and that courses, distances, and dimensions must yield to boundaries, unless an intention that the former shall be controlling clearly appears (Yates v. Van De Bogert, 56 N. Y. 526; Dunham v. Williams, 37 N. Y. 251; 2 Am. & Eng. Enc. Law, 507). For so much of the property as is actually taken for a public use, the measure of just compensation provided for by the constitution is its value, without deduction for benefits to the remainder. Henderson v. Railroad Co., 78 N. Y. 423, 433; Bohm v. Railway Co., 129 N. Y. 576, 29 N. E. 802; Mattlage v. Railroad Co., 1 Misc. Rep. 339, 20 N. Y. Supp. 624. Obviously, therefore, the case at bar is distinguishable in that regard from the case of the taking only of the easements of light, air, and means of access appurtenant to abutting land. Those easements, being incapable of enjoyment except in connection with the land abutting upon the servient land, have no actual value apart therefrom. Bohm v. Railway Co., supra. Hence, when they constitute the only property taken, the inquiry with regard to the compensation to be made is pointed to ascertain the effect of such taking upon the dominant land, in which case resultant benefits are to be considered in arriving at the extent of the owner's loss. Newman v. Railroad Co., 118 N. Y. 618, 23 N. E. 901. But the owner of land which is subject to use as a public street or highway has substantial rights therein. He may excavate the soil under the surface, and use the space (McCarthy v. Syracuse, 46 N. Y. 194), or authorize others so to do. He possesses absolute dominion over the land for all purposes not inconsistent with the public easement and the proper exercise of the police power of the state. If the street or highway

is abandoned, the land reverts to him. 24 Am. & Eng. Enc. Law, 122. His rights can be taken from him only in the exercise of the power of eminent domain, and upon payment of just compensation (Williams v. Railroad Co., 16 N. Y. 97, 108); and just compensation in such a case implies that it should be of a substantial character (In re City of Buffalo [City of Buffalo v. Pratt; Super. Ct. Buff.] 15 N. Y. Supp. 775, affirmed 131 N. Y. 293, 30 N. E. 233). A further distinction is here to be noted between the present case and one involving the conversion of an existing right of way in favor of abutting owners into a public easement for the same uses, in which latter case no actual damage is held to result. In re Adams, 141 N. Y. 297, 36 N. E. 318.

In determining, for the purposes of just compensation, the value of the property which is to be taken for a public use, the inquiry is: What is the property "worth in the market, viewed not merely with reference to the uses to which it is at the time applied, but with reference to the uses to which it is plainly adapted,—that is to say, what is it worth from its availability for valuable uses"? Boom Co. v. Patterson, 98 U. S. 403; Lewis, Em. Dom. § 479; Suth. Dam. § 1074. Measured by this rule, the testimony of the plaintiff's experts, called to show a substantial value of the land in Greenwich street, is in part worthless, because of its extremely speculative character (Lewis, Em. Dom. § 480); but it sufficiently appears from the testimony of Plars, one of such experts, which in that regard was competent and uncontradicted, that the land was available for particular uses, and as to such uses was of substantial value. True, expert testimony, as mere opinion evidence, is not to be regarded as conclusive. Head v. Hargrave, 105 U. S. 45; Forsyth v. Doolittle, 120 U. S. 73, 77, 7 Sup. Ct. 408; Rog. Exp. Test. p. 486, § 207. Such testimony, however, is competent ex necessitate. Clark v. Baird, 9 N. Y. 183, 196. It is therefore to be considered, and if corroborated by probability, and the circumstances of the particular case in which such testimony must needs be resorted to, it should be given due weight. Expert testimony regarding value when the property, as here, is in some respects, at least, sui generis, may not afford more than a vague and unsatisfactory basis for the award of adequate compensation; but, even so, relief is not upon that account to be withheld, if it clearly appears that substantial damage was inflicted by the taking of the property. It cannot avail the wrongdoer, for the purposes of immunity, that the extent of his wrong is not capable of precise measurement in money. Drucker v. Railway Co., 106 N. Y. 157, 164, 12 N. E. 568.

If all the expert testimony above alluded to be rejected, it follows, notwithstanding, that the plaintiff should have prevailed in the action. Injunctive relief is not to be extended except where the act sought to be restrained inflicts substantial injury (Gray v. Railway Co., 128 N. Y. 499, 28 N. E. 498; Brush v. Railway Co. [Com. Pl.] 13 N. Y. Supp. 908); but the rule obtains only when it appears affirmatively that the injury is technical only and trivial. Such were the cases last above cited and those referred to in the opinions therein. Spell. Extr. Rel. § 286. Here, however, the

rights of the plaintiff as the owner of the land subject to an easement for street or highway uses are prima facie of a substantial character. Hence a wrongful appropriation thereof works substantial injury to him. City of Buffalo v. Pratt,· supra. In order to defeat the plaintiff's claim to injunctive relief, it was incumbent, therefore, upon the defendants, to show that the land taken was of no, or only of nominal, value. No such evidence was adduced.

That the construction and operation of an elevated railway thereon imposes upon the land an additional burden,—one not within the contemplation of ordinary street or highway uses,—and is to that extent an expropriation of the owner's rights of property, was definitely settled by Story v. Railroad Co., 90 N. Y. 122; Lahr v. Railroad Co., 104 N. Y. 268, 10 N. E. 528; Drucker v. Railway Co., 106 N. Y. 157, 12 N. E. 568; Abendroth v. Railway Co., 122 N. Y. 1, 25 N. E. 496; and Kane v. Railroad Co., 125 N. Y. 164, 26 N. E. 278; and, for the continuing trespass which results from the maintenance and operation of the railway, the owner is entitled to injunctive relief (Williams and Henderson Cases, supra), lest the wrong should ripen into a right by adverse possession, or the owner be forced into a multiplicity of actions to prevent such a result (Corning v. Nail Factory, 34 Barb. 486).

The judgment should be·reversed, and a new trial had, with costs to the plaintiff to abide the event. All concur.