FREDERICK STORCK, Respondent, *v.* THE METROPOLITAN ELEVATED RAILWAY COMPANY et al., Appellants.

In an action by an abutting owner to restrain the operation of an elevated railroad in the street in front of his premises and for damages, defendants' counsel requested the court to charge that since the year in which the road was constructed there had been a general rise in the value of the real estate situated upon the street, and that "this increase in value is largely attributable to the existence of the defendants' railroad;" this was refused. *Held,* no error; that conceding the facts stated in the request to have been established by uncontradicted evidence, they were immaterial if the evidence in the case was sufficient to warrant a finding that damage had been sustained by plaintiff in his property rights resulting from the construction and operation of the road.

While in such an action the value of the easements taken must be measured by the effect which their appropriation has had upon the property to which they were appurtenant, and while if it appears that the abutting owner, although deprived of his easements, has been in fact benefited by the construction and operation of the road, he fails to sustain his allegation of damage, if the evidence justifies the inference that although

the rental value of the abutting property has enhanced since the construction of the railroad, yet that the increase has not been as great as it would have been if the railroad had not been constructed, a trial tribunal is authorized to award compensation and to fix the amount thereof. In such an action plaintiff's evidence showed that the portion of the street upon which plaintiff's premises abutted and the side streets in the neighborhood had been more or less settled and built upon prior to the construction of defendants' road; that they erected station-houses near, which with the tracks practically covered over the whole street in front of said premises, shutting off much of the light from the building thereon, that the stoppage and operation of trains caused annoyances and discomfort to the occupant, and that the rental value had been prejudicially affected by the operation of the road; that while the property on the street had increased in value since the construction of the road it was only by a small percentage, while property on the side streets and upon the next street running parallel had nearly doubled in value. *Held*, that the evidence justified the trial court in drawing a conclusion of damage and as to its amount, and with those conclusions this court could not interfere.

*Bohm* v. *M. E. R. Co.* (129 N. Y. 576), distinguished.

(Argued March 7, 1892; decided March 22, 1892.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made the first Monday of February, 1891, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at an Equity Term.

This action was brought to restrain defendants from running their elevated railroad in front of plaintiff's premises on Second avenue in the city of New York, and for damages.

The facts, so far as material, are stated in the opinion.

*Julien T. Davies* for appellants. The learned trial judge decided the case upon an erroneous theory, by endeavoring to ascertain how much the plaintiff would have been injured, if he had not been benefited, and by charging defendants with the constructive damage resulting from this theory. (*Bohm* v. *M. E. R. Co.*, 42 N. Y. S. R. 246; *Kennedy* v. *Porter*, 109 N. Y. 526, 534; *Andrews* v. *Raymond*, 58 id. 676; *Becks* v. *Sheldon*, 48 id. 389; *Smith* v. *G. F. Ins. Co.*, 62 id. 87; *James* v. *Cowing*, 82 id. 449, 457.)

*Charles Gibson Bennett* for respondent.

Gray, J. The judgment, which the plaintiff recovered against the defendants, enjoined the maintenance and operation of their railway and station in front of his premises, unless within a certain time they should pay a certain sum, found to be the value of plaintiff's easements, in exchange for a conveyance of the property. It also awarded a sum for damages sustained in the past. Upon the hearing of this appeal the appellant corporations have strenuously contended that the case was decided upon an erroneous theory, which overlooked the fact of benefits derived, and charged the defendants with constructive damage to plaintiff's property. This contention is presented to us upon the basis of the refusal of the trial judge to make the following finding, requested by the defendants. It was, that " since the year 1880 there has been a general rise in the value of real estate situated upon Second avenue, and this increase of value is largely attributable to the existence and operation of the defendants' railroad." The defendants excepted to the refusal and maintain that the facts embodied in the request were conclusively established by uncontradicted evidence. Conceding the fact to be such, I do not see how the appellants make out the materiality of this finding to the case.

The facts stated in the proposed finding might be perfectly true, and yet they would be quite immaterial and irrelevant; if the evidence in the case was such as to warrant a finding that there had been damage sustained by the plaintiff in his property rights, resulting from the construction, maintenance and operation of the elevated railway.

But the appellants say that, within the principle of a recent decision of this court, in the case of *Bohm* v. *Elevated Railway Company*, * (decided in January last), they were absolutely entitled to the finding, and that the conclusion would be inevitable from the evidence that no damage could be rationally deduced. It is true that in the *Bohm* case a request to find

---

* 129 N. Y. 576.

was refused, couched in the same language as was used here. But the request was there made in connection with a preceding request, to the effect that the plaintiff's property had incidentally been benefited by the existence and operation of the railroad in Second avenue, through an increase of population and traffic; and the error in the refusal of the trial judge to make the findings there consisted in the fact that they contained the correct rule of damage in relation to the proofs; and that, as it was clear that the evidence in the case failed to show that the plaintiff's property had actually suffered any injury, a proper application of the rule must have led to a different conclusion from that which the trial court arrived at. The opinion recognized the right to a recovery by abutting owners of any actual damage sustained; but, for the positive lack of any evidence to support the conclusion that the plaintiff had sustained any loss and because the contrary appeared, that he was benefited, it was held that the defendants were entitled to another trial of the issues; upon which the rule of damage stated should guide the trial court in rendering judgment upon the evidence given.

The *Bohm* case does not control the disposition of this case, in the sense in which the able counsel, who argued for the appellants, has understood it. A careful consideration of the elaborate opinion delivered in that case will show that it was not intended to deprive a complainant of his right to compensation, when he could give any competent evidence of injury, satisfactory to the trial tribunal; nor, in the slightest degree, to interfere with the jurisdiction of that tribunal to determine the amount of the injury from the evidence given. The power of so determining must be lodged somewhere, and when the court below has adjudged upon the right to recover, this court will not reverse its judgment, unless for errors of law, where there is evidence in the case to support the judgment. In the *Bohm* case, for the first time, it seemed necessary for this court to lay down a rule as to damages, in cases of the taking of the easements of abutting property owners, in connection with, or as influenced by, evidence of benefits to the

abutting property, caused by the introduction of this new kind of railroad communication. So it was held that, if the evidence showed no injury, but only benefits to the abutting owners, in an actual increase of fee and rental values of their property, then it would not be permissible to conjecture as to results, nor just to uphold a claim of damage resting in pure theory, and not upon facts in the case. The easements, for an illegal taking of which the abutting owner can claim compensation, have not, as it was said by Judge Peckham, "any value in and of themselves, separated from the adjoining land, but their value is to be measured by the injury which such taking inflicts upon the land which is left and to which they were appurtenant." Hence, as the damage is consequential in its nature, it is deemed to follow that, if the abutting property has been benefited, though deprived of easements in and over the street, and the owner is unable to sustain his allegations of damage by any proof, for the court to allow his demand would be contrary to legal principles and unjust. So far the decision of the *Bohm* case goes, generally speaking, and it rests upon its particular facts. It was not intended in that decision to disturb any settled rule of law in damage cases, but to define and prescribe the application of the rule in the presence of such a new state of facts as these cases are exhibiting. The value of the easements taken must be measured, not abstractly and in theoretical ways, but practically, and by the effect which the appropriation of the easements has upon the property to which they were appurtenant.

In the present case there was evidence which supported the findings of the learned trial judge, as to the damage suffered by the plaintiff and as to its amount. The portion of Second avenue, on which his property abutted, and the side streets in the neighborhood, had been more or less settled and built upon prior to the construction of the defendant's railroad. After they commenced its operation, they erected station-houses at the intersection of One Hundred and Eleventh street with Second avenue, which, with three tracks and their intermediate boarding over, extend so as to practically cover over the

avenue, from a point below the intersection of these streets to a point above and opposite to the plaintiff's premises. There was evidence that the structure shut off much of the light from the building, and that the stoppage and operation of trains, for various reasons, caused annoyances and discomfort to the occupants in various substantial ways. There was evidence given that the rental values of the property had been prejudicially affected since, and because of, the erection of the defendants' railroad. There was evidence to the effect that while the property on the avenue had advanced, since a period of time previous to the building of the road, only by a small percentage, the property on the side streets, as also upon First avenue, had nearly doubled in value. From evidence in the case, it was permissible to infer that the course of values in the Second avenue had been much less favorable at this point than in the neighboring side streets and in the neighboring and parallel avenue; and that it was attributable to the presence and effects of the elevated railroad. From such evidence, in the comparison of values of properties in the neighborhood, and with the other evidence as to the character of the structures and the effect of the defendants' operation of their road, it was quite competent for the trial court to draw the conclusion of damage to the plaintiff and as to its amount.

It is, of course, obvious that in this class of cases great difficulties attend their decision by the trial court. It is not to be supposed that this court will interfere with any judgment, which has been based upon inferences from facts in evidence drawn by the judge or the jury. The jurisdiction of the courts below to deal with the facts, and to determine upon such inferences as they may draw from them, will not be disturbed; and this court is only concerned, upon any review of the facts which is authorized by the appeal, with the question of the existence of facts to warrant the conclusions below.

In view of the recent decisions of this court, upon the subject of the admissibility in evidence of the opinions of experts, in aid of the proof of damage, the trial tribunal is left to form its own opinion as to the amount of damage, and its con-

clusions must be drawn from evidence which, in its nature, is somewhat vague and inconclusive. Nevertheless, the inquiry is authorized, and where a determination has been made upon such evidence as we have here, in a comparison of values, in connection with facts evidencing actual injury to and affecting the occupation of property, it will be left there.

The argument of the appellants' counsel advances the proposition that as there was, in fact, an increase, or appreciation in the value of plaintiff's property, since the defendants came into the avenue with their railroad, the plaintiff has not been damaged, and that the fact that the property in the side streets, or in parallel avenues, has been more benefited furnishes no evidence of injury. The decision in the *Bohm* case does not justify the argument, to the extent probably intended here. The reversal of the judgment in the *Bohm* case proceeded distinctly upon the utter absence of any facts, from which an inference of damage to the plaintiff was legitimately permissible. It was not claimed, or proved in that case, that the land would have increased as much but for the construction and operation of the defendants' railroad, and it was held that, if the determination could only be reached and sustained by " abstract reasoning" as to what was the value of these easements, of themselves, and as separated from the abutting property to which appurtenant, then the plaintiff should fail in his demand for compensation in damages. In the present case, however, as I have said, there were facts in evidence from which the trial court, finding that the appreciation in value of the plaintiff's property had not kept pace with that of his neighbors, might conclude that it had been prevented by causes solely attributable to the acts of defendants. In the nature of their acts and in the character and degree of the effects produced, as well as in the relative course of property values, there was a sufficient foundation for the decision of the learned trial judge. In connection with the other facts in this case, evidence of an insufficient increase in value of property might as properly be considered, in determining the question of damage, as though the evidence showed a depreciation in

value. The property which is taken is not corporeal, but consists in certain rights, or easements, which the law concedes to the owner, whose property abuts upon and ends at the line of the street, in and over the street. When, by such an occupation of the street, under governmental sanction, there results an impairment of those rights, the question, upon a claim for compensation in damages for the trespass, goes directly to the facts of the case. If there is proof that benefits have resulted, in a general appreciation of property values in the locality, it is quite competent for the complainant to show in evidence that these benefits have not been invariable, and that, in his particular case, they were insufficient, as compared with other property similarly situated, or in the neighborhood; and that the insufficiency is due to the mode, manner, or extent of the defendants' occupation of the street. He is entitled to prove that his property has not equally, or proportionably, shared in the general rise in values in the locality, and that fact, with the other facts in evidence tending to prove damage, may properly be considered in determining whether he has been adequately compensated for the deprivation of his easements.

In each case the question is, what damage has actually been sustained in the deprivation to the abutting owner of these easements, and some facts must be given in evidence to support a finding of actual damage, or none can be inferred.

I have said more than this appeal necessitated; but I have done so, because of the importance of the questions which may frequently arise in this class of cases.

There was no error committed upon the trial of this case, and the judgment should be affirmed, with costs.

All concur; Earl, Ch. J., and Peckham, J., in result.

Judgment affirmed.