# DECISIONS IN CASES NOT REPORTED.

## Second Department, December Term, 1893.

Frederick W. Helmke, Plaintiff, v. Henry J. Stettler, Defendant.— Motion denied, with ten dollars costs.—

Dykman, J.: This is a motion for a reargument of the appeal in this action. The action was for the recovery of damages resulting to the plaintiff from the kick of a horse. The appeals were from the judgment and order denying a motion for a new trial on the minutes of the court, and also from an order denying a motion for a new trial upon newly discovered evidence. The case was fully examined and an opinion was written in the case. The appeals presented no difficult questions. The verdict and judgment were in favor of the plaintiff, and were amply sustained by the testimony. The affidavits upon which this motion is based fail to make a case for a reargument. Nothing was overlooked and no principle of law has been violated, and there is nothing to induce a belief that any different conclusion could or should be reached. The motion should be denied, with ten dollars costs and disbursements. Barnard, P. J., and Pratt, J. concurred.

Lucy S. Morrison, as Administratrix, etc., Respondent, v. The Metropolitan Telephone and Telegraph Company, Appellant.— Judgment and order denying new trial affirmed, with costs.—

Dykman, J.: This is an appeal from a judgment against the defendant entered upon a verdict in favor of the plaintiff, and from an order denying a motion for a new trial upon the minutes of the court. The case has been here before upon an appeal by the plaintiff from a judgment dismissing her complaint, and we then expressed our views of the case and decided that the dismissal of the complaint was erroneous and that the case was one for the jury. There has now been a new trial and a verdict for the plaintiff. Our views were fully expressed in the former opinion (69 Hun, 100), and require no further elaboration at this time. The case of the plaintiff was somewhat strengthened upon the second trial, and the verdict meets our approbation. The judgment and order should be affirmed, with costs. Barnard, P. J., and Pratt, J., concurred.

Ella G. Jamieson and Others, Respondents, v. The Kings County Elevated Railway Company, Appellant.— Judgment affirmed, with costs.—

Dykman, J.: This is an action to restrain the operation of the elevated railway of the defendant in front of the premises of the plaintiff in Fulton street in the city of Brooklyn, and for the recovery of the damage resulting from such operation to the said property. The cause was tried before a justice of this court at Special Term without a jury. The evidence sustained the allegations of the complaint and entitled the plaintiff to the relief demanded therein. The trial judge found the facts in favor of the plaintiff, and judgment was entered upon such findings from which the defendant has appealed to this court. The case of Storck v . N E R Co. (131 N. Y. 514) is sufficiently like this to be a controlling authority in favor of the plaintiff, and the decision in that case justifies this judgment. That case also justifies the admission of proof of the situation and rental value of other property contiguous to that immediately involved and near the defendant's structure. Upon the authority of that case and other similar cases in the Court of Appeals the judgment should be affirmed, with costs. Barnard, P J., and Pratt, J., concurred.

Woodhaven Junction Land Company v. John Solly and Another.— Judgment affirmed, with costs.—

Pratt, J.: The proof shows that Solly bought the land with the understanding that it could be used for business purposes. We think the court below correctly held that under that description a liquor business should be permitted. It follows that Solly could not be required to accept a deed restricting him from selling liquors. His failure to object at once was sufficiently explained. Judgment affirmed, with costs.

The People of the State of New York ex rel. Burton v. Frederic Earl and Others.— Assessment reversed upon stipulation made that case abide event of the last appeal and on same defense.—

Barnard, P. J.: The assessment must be reversed under the stipulation of the parties to the appeal that this appeal-abide the result of the case of The People ex rel. Rudiger v. Earl and Others. and on the same defense. Dykman, J., concurred.

The People of the State of New York ex rel. Doty v. Board of Police of Yonkers.— Writ of certiorari quashed and judgment affirmed for failure to submit according to stipulation.

Atlas Iron Construction Company, Appellant, v. George Ferguson, Respondent.— Judgment affirmed, with costs.—

Dykman, J.: This is an appeal from a judgment entered upon the report of a referee to hear and determine. The action was brought to foreclose a mechanic's lien for $1,250.60. The defense was a failure to perform the contract made by the plaintiff and a counterclaim. The referee reported against the plaintiff upon its principal claim for material, and in its favor for extras, four dollars and three cents, and the appeal is by the plaintiff. The questions involved were questions of fact, and the cause was fully tried and carefully examined by the referee. He wrote an opinion in which he carefully analysed the testimony and gave abundant reasons for his decision. A further examination of the evidence by us would subserve no profitable purpose, as we concur in the views of the referee and with his opinion. The appellant raises a question respecting the allowance of costs, but we think the plaintiff sustained a substantial defeat upon the merits, and there is no sufficient reason why it should not pay the costs of the litigation it so precipitated without a just claim. The judgment should be affirmed, with costs. Barnard, P J., and Pratt, J., concurred.

The People of the State of New York ex rel. Lawrence D. Huntington and Others, Commissioners of Fisheries of the State of New York, Appellants, v. John J. Crennan, a Justice of the Peace, etc., Respondent.— Order denying writ of mandamus affirmed, with costs.—