The People of the State of New York ex rel. Joseph H. Rudiger
      v. Frederick Earl and Others, Trustees, etc.

*Report of commissioners appointed under chapter 544 of the Laws of 1887 — cannot
be adopted after the appointment of a new commission.*

Where a report of commissioners appointed by the trustees of a village pursuant
to the provisions of chapter 544 of the Laws of 1887 is unsatisfactory, and
a new commission is appointed, the only legal way of proceeding is through
the new commission, or by successive commissions, until a satisfactory result
is reached, the report of the first commission cannot be adopted after the
appointment of the second commission.  (Pratt, J., dissenting.)

Certiorari issued upon the petition of Joseph H. Rudiger to
review the determination of Frederick Earl, William L. Toumine,
Edward A. Howland, William A. Anderson, Albert F. Gescheidt,
Louis N. Smith, George C. Appell, Henry C. Wilken, Robert W.
McGowan and Edgar K. Brown, constituting the board of trustees
of the village of Mount Vernon in the town of Eastchester in the
county of Westchester, N. Y., upon the confirmation of an assess-
ment laid upon property for the grading of Sixth street in said village.

The board of trustees of the village of Mount Vernon appointed
three persons as commissioners, in the matter of grading Sixth
street, and thereafter such commissioners made their report, in writ-
ing, to said board of trustees, which report was sent back to the
commissioners, as provided by the charter of the village, for cor-
rection and revision, and thereafter such commissioners made a cor-
rected and final report.  Such amended and corrected report was
unsatisfactory to the board, which, by resolution, disapproved of the
second report, and appointed three new commissioners to assess the
cost of the improvement to Sixth street.  The new commission made
its report in writing to the board of trustees.  Thereafter, by a
resolution of such board, the resolution disapproving the second
report of the first commission was rescinded, the resolution appoint-
ing a new commission was revoked, and it was resolved that the
second report of the first commissioners be confirmed as made.

*Robt. P. Getty, Jr.*, and *Chas. F. Moody*, for the relator.

*David Swits*, for the respondents.

Barnard, P. J.:

The full record of the proceedings which preceded the appointment of commissioners to assess the cost of improving Sixth street, in the village of Mount Vernon, are not returned. The regularity of the appointment of Commissioners Adee, Pendergrast and Toumine must be assumed. They were required to take an oath that they would fully and faithfully discharge the duty devolved upon each of them by the appointment. They did take such oath and the appointment was complete. The first report was disapproved of by the trustees and sent back for correction. This was proper and according to chapter 544, Laws of 1887, title X, section 20. A second and corrected report was made and returned to the trustees. This report was unsatisfactory to the trustees and a new commission was appointed. This was in accordance with legislative power given by section 20, to "send back to the same or other commission." The new commission made an appraisal, and the trustees refused to confirm this appraisal, vacated the appointment of the new commission and adopted the second report of the first commission. By the appointment of the new commission the second report of the first commission was abrogated, and the only legal method of procedure was through the new commission or by successive commissions until a satisfactory result was reached.

The proceedings should, therefore, be reversed, with costs and disbursements.

Dykman, J., concurred.

Pratt, J. (dissenting):

We see no valid reason in the papers submitted for setting aside the report of the commissioners in the matter of grading Sixth street in the village of Mount Vernon.

The first objection urged by the relator is that the commissioners did not take the oath of office required by law, which is negatived by the returns, so that this objection may be dismissed as not true. The same may be said of the objection that the commissioners were not freeholders, and not interested in or affected by said improvement.

It clearly appears by their several oaths that they were all freeholders and disinterested, which is sufficient proof until some evidence to the contrary appears.

The sending back of the original report of the commissioners for correction was entirely proper and within the jurisdiction of the board of trustees.

The attempt to appoint new commissioners was a nullity, as their report was never confirmed.

The only objection which seems upon its face to be of any moment is that a portion of relator's land lies outside the village limits, but this statement like others in the petition is not true.  The return shows that the district to be assessed was fixed "from Second avenue to the eastern boundary of the village of Mount Vernon," beyond which it could not extend.  This limited the power of the commissioners, and it nowhere appears in the return that they exceeded that limit.

The assessments, so far as appears, are upon lots fronting on Sixth street, within the village limits from Second avenue to the eastern boundary line of the village.

The suit should be quashed, with costs and disbursements.

Assessment of relator reversed, with costs and disbursements.