WILLIAM S. FORBES, Appellant, *v.* THEODORE CHICHESTER, as Executor, etc., Respondent.

Upon trial of an action to recover for professional service, after the plaintiff rested, the defendant moved to dismiss the complaint, which was granted. The referee then made a report in which he stated that the defendant, at the close of plaintiff's evidence, moved to dismiss plaintiff's claim on the ground of no employment, and that he granted the motion and plaintiff excepted. He then made formal findings of fact and law and plaintiff excepted. *Held,* that the decision was in fact a nonsuit, and although the referee might properly, upon the evidence, have determined the case in favor of defendant, yet as there was some evidence to sustain it, the court erred in holding, as matter of law, that plaintiff had utterly failed to establish a cause of action.

(Argued February 2, 1891; decided February 24, 1891,)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 10, 1890, which affirmed a judgment in favor of defendant entered upon an order of Special Term confirming the report of a referee.

The reference was under the statute of a disputed claim against an estate.

The opinion of EARL, J., is as follows:

"I agree with Judge O'BRIEN that the plaintiff should not, upon the evidence presented by him, have been nonsuited. But I think he was nonsuited, and that for that reason the judgment should be reversed.

"The plaintiff, after producing evidence, rested, and the defendant then moved to dismiss the complaint on the ground that there was 'no employment proved at all, and nothing which can justify any such charge as has been made.' The referee reserved his decision, and subsequently rendered a written opinion on the motion in which he concluded, after carefully examining the evidence, that a nonsuit was proper, and that the defendant's motion should, therefore, be granted.

"The case was then reopened by consent, and the plaintiff gave some further evidence and again rested. The defendant then renewed his motion to dismiss the complaint, and the refree granted the motion and the plaintiff excepted. The referee then made formal findings embodied in his report in which he stated that the defendant, at the close of plaintiff's evidence, moved to dismiss the claim of the plaintiff on the ground that no employment of the plaintiff had been proved, and that nothing could justify the charge made, and that he granted the motion, and that plaintiff's counsel excepted to his decision, and then he made formal findings of fact and law as he should have done, and proper exceptions were taken to them by plaintiff's counsel.

"The court, at both the Special and General Terms, also treated the case as one in which the plaintiff had been properly nonsuited.

"I think the court erred in holding, as matter of law, that upon the evidence adduced the plaintiff had utterly failed to establish a cause of action, and the case should go back and be

heard upon correct principles of law. The plaintiff may fail to satisfy any court, upon all the evidence, that he is entitled to recover. But he has the right to have his evidence properly weighed.

"I concur, therefore, that the judgment should be reversed and a new trial granted, costs to abide the event."

*George A. Strong* for appellant.

*Walter Edwards* for respondent.

EARL and O'BRIEN, JJ., read for reversal and new trial.
All concur on ground stated by EARL, J.
Judgment reversed.