### SMITH *v.* PELOTT *et al.*

(*Supreme Court, General Term, Third Department.* March 15, 1892.)

1. PLEADINGS—AMENDMENT BEFORE REFEREE.
  Under Code Civil Proc. § 1018, conferring on a referee the powers of the court as to amendment of pleadings, an answer may be amended on motion before a referee, as to particulars within the discretionary power of amendment conferred on the court by section 723.

2. SAME—ADMISSION IN ORIGINAL PLEADINGS.
  Where pleadings have been amended, admissions in the original pleadings may be considered by the court without formally reading them in evidence.

On reargument. Affirmed. For decision on appeal, see 15 N. Y. Supp. 972; for order allowing reargument, see 16 N. Y. Supp. 631.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

*P. R. Chapman,* for appellant. *H. D. Bailey,* for respondents.

MAYHAM, P. J. The plaintiff prosecuted this action as the executor of John Giles, who was a subcontractor under one Danforth E. Fisher in the construction of a house for the defendant under a contract made between Fisher and Pelott. The action was referred by order of the court, and on the trial the referee reported in favor of the defendant, and the principal questions in this appeal arise upon the exceptions taken by the plaintiff to that report. On the trial the referee allowed an amendment of the plaintiff's complaint on his motion, and also an amendment of the answer of the defendant on his motion, and the appellant now urges that the amendment of the answer by the referee was error. We see no error in allowing the amendment of the pleadings on the trial. The amendments were allowable in the discretion of the court, under section 723 of the Code of Civil Procedure; and by section 1018 the referee had the same power upon that subject upon the trial as that conferred on the court by section 723, and we do not see that the power was improperly exercised in this action. The amended pleadings became the pleadings in the case after the allowance of the amendment by the referee, but the statement and the admissions in any of the pleadings properly before the court were evidence for all of the purposes of the trial, (*Holmes* v. *Jones*, 121 N. Y. 461, 24 N. E. Rep. 701;) and it was not necessary that they should be formally read in evidence to authorize the admissions made in them, to be considered by the court. At the conclusion of the plaintiff's evidence on the trial the defendant moved that the plaintiff be nonsuited, and the referee reserved the question, and adjourned the hearing. Pending the adjournment, the plaintiff died, and his personal representative was substituted as plaintiff. After such substitution the parties appeared before the referee, and proceeded with the trial, and the referee, after calling the case, announced that he granted defendant's motion for nonsuit, to which decision the plaintiff excepted. Thereafter the referee made and delivered his report. The pleadings having been amended to conform to the plaintiff's proof, the question raised by this nonsuit is whether there was any evidence given by the plaintiff upon which he might have recovered. Although the report of the referee substantially made and filed, and to which exceptions were taken by the plaintiff, assumed to dispose of the whole case, we think the proceedings on the trial bring it within the decision of *Forbes* v. *Chichester*, 125 N.

Y. 769, 26 N. E. Rep. 914, and that it was in fact but a nonsuit, and if there is any evidence which should be considered upon the merits, upon the disputed questions of fact in this action, the plaintiff had a right to have it properly weighed and considered upon the merits. It is true, as was said in that case, the plaintiff may fail to satisfy any court, upon all the evidence, that he is entitled to recover. But he has a right to have his evidence properly weighed. We think, on a careful examination of all the evidence given on the trial, there is enough to raise a question of fact whether or not there had not been such change in the specifications as to amount to a waiver, on the part of the defendant, of a strict performance by the original or sub contractor, and perhaps modifications of the contract in other respects, which should have been considered by the referee as questions of fact. While the law, in this class of actions, makes it incumbent on the party seeking to recover to show a substantial performance of the contract, we think the plaintiff should have had the opportunity to have presented to the referee requests to find. If he had presented requests to find to the referee, embodying his contention as to the facts and law, the plaintiff would have been concluded, and the referee in that case would be deemed to have passed upon the whole case. Columbia Bank v. Gospel Tabernacle Church, 127 N. Y. 365, 28 N. E. Rep. 29. But this case is distinguished from, and does not assume to overrule, Forbes v. Chichester, supra, or Scofield v. Hernandez, 47 N. Y. 313. There is no claim that the entire contract price for the building has been paid by the defendant, and we think the plaintiff should have a full opportunity to have the case disposed of on the facts and law upon its merits. Judgment reversed, referee discharged, and a new trial ordered, costs to abide the event.

All concur.