SUSAN GREENE, Appellant, *v.* JAY J. MILLER, Respondent.

*Nonsuit — consideration to be given to plaintiff's evidence.*

On the question of dismissing a complaint, or of granting a motion for a nonsuit, that view of the evidence must be taken which is most favorable to the plaintiff.

If, in any view of the evidence, there are questions of fact which may be determined in favor of the plaintiff, and which, if determined in his favor, would entitle him to recover, the complaint should not be dismissed at the close of the plaintiff's case.

On the trial by a referee, of an action brought by a woman to recover damages for a criminal assault alleged to have been committed by a physician while attending her professionally, the complaint was dismissed, on the defendant's motion, at the close of the plaintiff's evidence.

*Held*, that the evidence contained testimony on behalf of the plaintiff which, if found worthy of credit, entitled her to recover.

Hence, that the case was not disposed of upon its merits, and that the dismissal of the complaint was erroneous.

APPEAL by the plaintiff, Susan Greene, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of Montgomery county on the 28th day of June, 1893, upon the report of a referee dismissing the plaintiff's complaint.

*Edward J. Maxwell*, for the appellant.

*W. B. Dunlap*, for the respondent.

HERRICK, J.:

This is an appeal from a judgment entered upon the report of a referee dismissing the plaintiff's complaint.

The plaintiff is a married woman, and brings this action against the defendant, who is a doctor, for an alleged criminal assault made upon her while attending her professionally.

At the close of the plaintiff's evidence a motion was made to dismiss the complaint, which was granted. No requests to find on either matters of fact or law appear to have been made by either side.

On the question of dismissing a complaint, or of granting a motion for a nonsuit, that aspect of the evidence which is most favorable to the plaintiff must be taken.

If, in any view of the evidence, there are questions of fact which might have been determined for the plaintiff, and which, if determined in her favor, would entitle her to recover, the complaint should not be dismissed. (*Pratt* v. *D. H. M. F. Ins. Co.,* 130 N. Y. 206.)

Within these rules as to the consideration of evidence, there was testimony given upon the trial in behalf of the plaintiff, which, if found to be worthy of credit, it seems to me, entitled her to recover in this action.

The defendant was in attendance upon the plaintiff professionally, visited her several times, and on the day in question came to her room and committed the assault; it is claimed that she consented to it, but in one portion of her testimony she testifies as follows: " I tried to scream, but I was so hoarse I could not. I could not make a noise. I was too weak to make any resistance. No other person was in the room during this interview." If this is true, then there was no consent by her.

It may very well be that this testimony, when considered with all the testimony in the case, and with that given by her upon her cross-examination, is not to be believed, but that question is one which must be decided upon a consideration of the whole case upon its merits; upon a motion for a nonsuit or a motion to dismiss the complaint, it seems to me it must be taken as true, and if true that an assault was committed upon her, she is entitled to recover.

The case was, therefore, not disposed of upon its merits, as held

in *Smith* v. *Pelott* (44 N. Y. St. Repr. 242); *Forbes* v. *Chichester* (125 N. Y. 769).

The judgment should be reversed, the referee discharged and a new trial granted, costs to abide the event.

MAYHAM, P. J., and PUTNAM, J., concurred.