JOHN R. MYERS and Others, Appellants, v. JOSEPHINE POLHEMUS,
Respondent.

*Dismissal of a complaint by a referee — equivalent to a nonsuit — when sustained.*

The action of a referee in granting the motion of a defendant, made at the close
of the plaintiffs' evidence, without any announcement that the defendant had
rested his case, to dismiss the complaint upon the merits, is equivalent to grant-
ing a nonsuit, and to maintain the judgment rendered thereon the defendant is
bound to show that there was no material question of fact in dispute which,
upon a trial by a jury, should have been submitted to the jury, and that upon
the undisputed evidence he was entitled to judgment.

APPEAL by the plaintiffs, John R. Myers and others, from a
judgment of the Supreme Court in favor of the defendant, entered
in the office of the clerk of the county of Clinton on the 10th day
of April, 1893, upon the report of a referee dismissing the com-
plaint upon the merits and for costs.

*Wilmer H. Dunn*, for the appellants.

*P. Q. Eckerson*, for the respondent.

PUTNAM, J.:

On the trial before the referee the defendant did not offer any
testimony or rest his case, but at the close of plaintiff's evidence
moved to dismiss the complaint on the ground, among others, that
the plaintiffs had failed to make out a cause of action. As far as
the record discloses, no other proceedings were had in the action
until the referee dismissed the complaint upon the merits, with costs.
Had the referee denied the motion to dismiss, the defendant would
have had the right to offer evidence in her own behalf upon the
issues raised by the pleadings.

It will be seen that the case is like that of *Place* v. *Hayward*
(117 N. Y. 487). In that case, on the close of the plaintiff's evi-
dence, defendant, without announcing that he rested his case, moved
for a dismissal of the complaint on the merits, and the motion was
granted. It was held that the action of the referee was equivalent
to granting a nonsuit, and that to maintain the judgment defendant
was bound to show that there was no disputed material questions of

fact which upon a jury trial would have been required to be submitted to the jury, and that upon the undisputed evidence he was entitled to judgment. (See, also, *Forbes* v. *Chichester*, 125 N. Y. 769.) Hence, to sustain the judgment it must appear that the evidence failed to raise any questions of fact that if the trial had been at Circuit the court would have been compelled to submit to the jury.

We do not desire to criticize the findings of the learned referee or to express an opinion that such findings were not sustained by the evidence, but we think it quite clear that, on the evidence given on the trial, the referee would have been authorized to find that the plaintiff sold and delivered the ice, for which the action was brought, to the defendant.

It was shown that the ice in question was contracted for by Charles W. Polhemus, the conceded manager of defendant's business and her agent. When he contracted for the ice it does not appear that he mentioned any person as a purchaser, or stated for whom he purchased it. He was authorized to purchase ice for the defendant. The ice was taken by defendant's wagons and teams, and afterwards Anderson, agent of the plaintiffs, went to defendant's office and brought his book containing the items of the ice delivered and compared the same with the book there kept and found that the books agreed. Here was a sale of ice to defendant's manager and agent, the name of the purchaser not being mentioned, a delivery of the ice to defendant and an entry of the ice so delivered on defendant's book. Of course, there is evidence tending to show that defendant was not the purchaser, such as the draft, the bill, and the testimony of Charles W. Polhemus, who swore that in addition to working for his mother, the defendant, he carried on an independent business as a wholesale dealer in ice, and bought the ice in question on his own account and resold it to defendant before it was delivered. Under the circumstances of the case, however, it was a question for a court or jury as to what credit should be given to his testimony.

From the above statement it is evident that a question of fact was raised in the case to be passed upon by the referee, and that from such evidence the court could have found that defendant was the purchaser of the ice specified in the complaint, and, hence, within *Place* v. *Hayward* (*supra*) a judgment of dismissal of the

complaint, which, under the circumstances, was a judgment of non-suit, was not authorized.

Had a dismissal of the complaint been proper, however, such dismissal should not have been on the merits. (*Terry* v. *Horne et al.*, 37 N. Y. St. Repr. 58.)

The judgment should be reversed, the referee discharged and a new trial granted, costs to abide the event.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment reversed, referee discharged, new trial granted, with costs to abide the event.