(10 Misc. Rep. 722.)

### ISRAEL v. METROPOLITAN EL. R. CO. et al.

(Common Pleas of New York City and County, General Term. January 7, 1895.)

1. ELEVATED RAILROADS — INJURIES TO ABUTTERS—DISMISSAL OF COMPLAINT.

In an action for damages to abutting property caused by the operation of defendant's elevated railroad, where the evidence showed that the rents steadily decreased until the operation of the railroad began, and steadily increased afterwards, notwithstanding the invasion of the premises by cinders, smoke, steam, and odors emitted by the engines, and the interference with light and drippings of the railroad structure, the complaint was properly dismissed on the merits.

2. COSTS—EXTRA ALLOWANCE.

In an action for damages to real estate, where it appears that the property was worth $125,000, and plaintiff claimed that the damage amounted to that sum, it is a sufficient basis to justify the granting of an extra allowance on rendition of judgment for defendant.

Appeal from equity term.

Action by Hyman Israel against the Metropolitan Elevated Railroad Company and another for an injunction and damages. The complaint was dismissed on the merits, with findings of fact and law, and plaintiff appeals. Affirmed.

Argued before DALY, C. J., and BOOKSTAVER and BISCHOFF, JJ.

Kurzman & Frankenheimer (John Frankenheimer, of counsel), for appellant.

Davies & Rapallo (Edward C. James, Julien T. Davies, and Arthur O. Townsend, of counsel), for respondents.

DALY, C. J.   The plaintiff sought to enjoin the operation of the elevated railroad on Sixth avenue in front of his premises, which were situated on the southeast corner of that avenue and Fortieth street, in this city, until the defendants should make proper and adequate compensation for the easements appurtenant to the said premises which they had taken and appropriated by the erection of their elevated structure and the operation of their trains; and also sought to recover for loss of rents and rental value of the premises.   To maintain this action it was incumbent upon the plaintiff to prove a diminution of the value of his property caused by the defendants' acts; but, so far from that fact being established, the evidence tended to prove the contrary.   It appeared that the premises had been let for many years as an hotel until destroyed by fire in 1892.   They were let in 1874, four years before the railroad was operated, and three years before the railroad structure was built, at $18,000 per annum for ten years; but it was apparent that this was a very high rental, for it was reduced in 1876 to $15,000, and was paid at that rate up to March, 1878, when it was again reduced to $12,000, and in May, 1878, further reduced to $10,000,—all before the operation of the railroad.   In September, 1879, the premises were let for four years, at $10,000 for the first year, and $11,000 for the balance of the term; and in 1883 they were let for five years, at $11,300 per annum, which was increased in 1887 to $14,000 per annum, at which rate a lease was made for five years, and at which rate rent was paid until the destruction of the premises in 1892.   It thus appeared from the evidence that the rents of the premises steadily decreased down to the time of the operation of the elevated railroad, and increased steadily afterwards, so that in the end the premises brought more than they did immediately before the railroad was operated; and this, notwithstanding that evidence was given of the invasion of the premises by cinders, smoke, steam, and odors emitted by the engines of the elevated railroad, the interference with light by the passing trains, drippings from the railroad structure, etc.   The evidence when the plaintiff rested his case tended, therefore, to establish that the value of the premises had not been in the slightest degree affected by any of the inconveniences caused by the defendants' railroad.   Sillcocks v. Railway Co., 10 Misc. Rep. 260, 31 N. Y. Supp. 428, and cases cited.   The fact that the values of property in neighboring streets had increased very much more than values on Sixth avenue, in the neighborhood of the plaintiff's premises, did not establish that the plaintiff's premises would have yielded a greater rental than that actually received had the railroad never been constructed or operated.   Brush v. Railway Co. (Com. Pl.) 17 N. Y. Supp. 540.   It

is urged, however, that, notwithstanding the failure of the plaintiff to make out a case, a dismissal of the complaint upon the merits was improper; that the dismissal was actually a nonsuit, the court having, in effect, decided that there was no evidence adduced on plaintiff's behalf which would justify a judgment.   Scofield v. Hernandez, 47 N. Y. 313;  Place v. Hayward, 117 N. Y. 492, 23 N. E. 25;  Forbes v. Chichester, 125 N. Y. 769, 26 N. E. 914;  Cowen v. Paddock, 137 N. Y. 188, 33 N. E. 154;  Terry v. Horne, 59 Hun, 492, 13 N. Y. Supp. 353.   But the referee at the close of the plaintiff's case had before him evidence sufficient to justify a judgment for the defendants upon the merits.   The plaintiff had not only failed to show damage to the fee and rental value of his premises, but his evidence warranted a finding that there was no injury caused by defendants' acts.   The referee by his findings clearly shows that the complaint was not dismissed for failure of proof or insufficiency of evidence. He found that the existence and operation of the elevated railroad in Sixth avenue, with its stations, rendered the plaintiff's premises more accessible than they otherwise would be;  that the value of plaintiff's property has been largely increased since the defendants' railway was built and put in operation;  that his premises would not be worth as much as they now are if the railroad and stations were removed, or had not been built;  and that no decrease of the fee or rental value of the plaintiff's premises has taken place in consequence of the construction, maintenance, and operation of defendants' elevated railway.   These findings of fact require judgment upon the merits in favor of the defendants.

The granting of an extra allowance of $1,000 was not unwarranted. The plaintiff claimed in his complaint damage to the amount of $250,-000.   Though this formed no basis for an extra allowance, as it was denied by the answer (Hanover Fire Ins. Co. v. Germania Fire Ins. Co., 138 N. Y. 252, 33 N. E. 1065), yet upon the trial the value of the plaintiff's property was shown to be at least $125,000, and it was manifest that his claim was that the value of the premises had been affected to very nearly that amount;  because he claimed that the fee value of land in the neighboring street had increased 100 per cent. since 1878, while there had been no substantial increase in the value of property on Sixth avenue in the neighborhood of plaintiff's premises, and he gave evidence showing that the present value of the premises was not over $100,000.   There was a sufficient basis, therefore, for the awarding of an extra allowance, and the amount was not excessive.   The judgment should be affirmed, with costs. All concur.