### COX et al. v. HAWKE.

(Supreme Court, Appellate Term. May 23, 1905.)

1. TRIAL—MOTIONS TO DISMISS—CONSIDERATION OF EVIDENCE.

 Upon a motion to dismiss the complaint, plaintiff is entitled to have the evidence considered in that view most favorable to himself.

 [Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, §§ 373, 374.]

2. BROKERS—ACTIONS FOR COMMISSIONS—EVIDENCE—SUFFICIENCY.

 In an action by real estate brokers to recover commissions, evidence *held* sufficient to call for the submission to the jury of the issue whether plaintiffs had produced a purchaser, ready, willing, and able to buy upon defendant's terms, and whose actual purchase was prevented by defendant's inability or unwillingness to give good title, as agreed.

Appeal from City Court of New York, Trial Term.

Action by Arthur S. Cox and another against Madison G. Hawke. From a judgment dismissing the complaint, plaintiffs appeal. Reversed.

Argued before SCOTT, P. J., and TRUAX and DOWLING, JJ.

Wentworth, Lowenstein & Stern (Edwin F. Stern and Albert J. Elrod, of counsel), for appellants.

George M. Heumann (Nathan D. Stern, of counsel), for respondent.

DOWLING, J. Upon a motion to dismiss the complaint, plaintiff is entitled to have that view of the evidence taken which is most favorable to the plaintiff. Green v. Miller, 74 Hun, 271, 26 N. Y. Supp. 425. Upon the trial of this action, brought to recover a broker's commissions upon a sale of real estate, there was testimony that after plaintiffs produced one Hollander, a financially responsible party, as a purchaser of the property in question, who had agreed to pay the sum of $18,500 per lot therefor—being the price which defendant had agreed to accept—the terms were pronounced satisfactory by defendant, and all the parties in interest met at his direction at the office of his attorney to execute the contracts of sale. After a few minor changes had been made in the contracts prepared by defendant's attorney, the latter asked defendant whether he agreed to extend for three years certain mort-

gages then a lien on the property; and, after some telephoning and conversation, defendant was informed by his attorney that the mortgage could be extended for three years if defendant would personally go upon the bond, which he advised him not to do. The defendant's attorney also disclosed then the existence of a judgment lien against the property, and said the purchaser would have to take title subject to that lien, to be secured by a bond. The purchaser, Hollander, declined to take title under either of the conditions named. There was evidence given by the witnesses Bueb and Cox that the plaintiffs knew the first mortgages on said premises were past due, and that defendant agreed with them that he would procure an extension for three years of the first mortgages at 5 per cent. Witness Rieger also testified that defendant admitted in his presence to his attorney that he had agreed to have the mortgages extended for three years. There was no proof that plaintiffs ever had had communicated to them by defendant the existence of the judgment lien against the property. Upon this testimony, viewed in its more favorable light, there was sufficient to raise an issue whether plaintiffs had not produced a purchaser ready, willing, and financially able to buy upon terms proposed by defendant, and whose actual purchase of the property was only prevented by defendant's inability or unwillingness to give good title as agreed, by reason of the failure to secure extensions of the past-due mortgages for three years, and of the existence of a judgment lien upon the property.

The judgment should be reversed and a new trial ordered, with costs to appellants to abide the event. All concur.