Miles F. McDonald, J.
Motion for an order pursuant to rule 106 of the Rules of Civil Practice dismissing the complaint on the grounds that it does not state facts sufficient to constitute a cause of action, and for an order pursuant to rule 107 of the Rules of Civil Practice on the ground that the court does not have and should decline jurisdiction of the subject matter of the action, granted.
The complaint in substance alleges that on or about the 31st day of January, 1957, the defendant Peter I. Feinberg, as landlord, entered into a lease of real property located within the State of New Jersey, with the Cleff Realty Company, a copartnership, for a term of 21 years. Said lease provided: “ Section 18.02. The Tenant may without the Landlord’s consent assign or transfer this Lease in whole or in part at any time and from time to time during the term, provided that within ten (10) days after such assignment or transfer there shall have been delivered to the Landlord an agreement, in recordable form, executed by the Tenant and the Assignee wherein and whereby such Assignee assumes due performance of this Lease on the Tenant’s part to be performed to the full end of the term hereof. If the Tenant shall have fully complied with the preceding sentence and shall not be in default hereunder, in the event of such assignment, it shall be fully released from any and all liability that may accrue under this Lease after such assignment, and thereupon the Landlord shall acknowledge in writing to the Tenant such release within ten (10) days after demand therefor by the Tenant.”
The complaint further alleges that in the month of May, 1957, the defendant, Peter I. Feinberg as landlord, assigned all of his right, title and interest in said lease to a limited partnership known as Bay Associates, in which the defendant Peter I. Feinberg and others are general partners. It is further alleged that pursuant to the provisions of section 18.02 of said lease {supra), and in full compliance with the requirements thereof, the plaintiffs as tenants, assigned said lease and their rights as tenants thereunder to the Kaycel Realty Corporation which assumed the obligations of said lease. The plaintiffs allege that by virtue thereof, their liabilities under the terms of said lease have terminated and have demanded the release to be delivered to them in accordance with section 18.02 but that the defendants have failed and refused to deliver said release as provided thereby, and that the plaintiffs have no adequate remedy at law and pray that the defendants be ordered to acknowledge in writing a full release from any and all liability under said lease.
*927 The pleading herein does not allege any expressed facts from which the. inference that the plaintiffs have no adequate remedy at law may rightfully be drawn, and in the absence thereof the bare conclusion that the plaintiffs “have no adequate remedy at law ” is insufficient to sustain the complaint (Hammond v. Morgan, 101 N. Y. 179; Fox v. Fitzpatrick, 190 N. Y. 259).
In determining the sufficiency of the complaint upon the motion pursuant to rule 106, the court may not consider the facts alleged in the affidavits submitted by the parties with respect to the motion under rule 107.
It is fundamental that whenever a person brings an equitable action it must be solidly founded upon some equitable ground and relief will be denied to a person who seeks the aid of a court of equity against pending or threatened proceedings at law, where it appears that the matter relied on is such as, if established, would constitute a defense in the law action, and where the plaintiff’s rights will be fully protected by a successful defense. In the instant case no wrong is threatened the plaintiffs beyond the assertion by the plaintiffs of a legal demand which is open to a complete defense. In Scott v. Onderdonk (14 N. Y. 9,13) the court stated: “ now, as a general rule, if the party claiming relief has a good defence, whether it be of a legal or equitable nature, and if he can only be divested of his rights by some suit in court instituted by his adversary, he must wait until he is thus challenged, when he will be in time to bring forward his defence. That there is a certain degree of inconvenience in this rule, in many cases which may be supposed, is admitted; but the evil would be much greater if every person who could show that what he claimed to be his rights was questioned by some other person, could call such person into court and compel him to disclaim or to litigate the matter in advance.” (See, also, Terry v. Horne, 59 Hun 492; Guest v. City of Brooklyn, 69 N. Y. 506.)
In Town of Venice v. Woodruff (62 N. Y. 462, 467) it was held: ‘ ‘ If the mere fact that a defence exists to a written instrument were sufficient to authorize an application to a court of equity to decree its surrender and cancellation, it is obvious that every controversy in which the claim of either party was evidenced by a writing could be drawn to the equity side of the court, and tried in the mode provided for the trial of equitable actions, instead of a being disposed of in the ordinary manner by a jury.”
A fundamental principle of equity jurisdiction is that equity will not act in anticipation of mere possible future controversies. A plaintiff’s right must have been actually invaded or there must be an immediate threat, which if carried out would cause *928 irreparable injury which equity could prevent and which law could not. The complaint fails to set forth any facts from which the court may infer that such a condition exists here. “ But even when a particular contract belongs to such a class, the right to its specific performance is not absolute, like the right to recover a legal judgment. The granting the equitable remedy is, in the language ordinarily used, a matter of discretion, not of an arbitrary, capricious discretion, but of a sound judicial discretion, controlled by established principles of equity, and exercised upon a consideration of all the circumstances of each particular case.” (4 Pomeroy, Equity Jurisprudence [3d ed.] § 1404, p. 2767.)
The court is, therefore, of the opinion that the complaint does not state facts sufficient to constitute a cause of action for equitable relief and that plaintiffs have an adequate remedy at law.
"With respect to the motion pursuant to rule 107 of the Rules of Civil Practice, the court must consider the affidavits submitted by both sides with respect thereto.
Admittedly, while the action affects real property located within New Jersey, all of the parties to the action and those asserting interest in said real property are all residents of the State of New York.
In support of their application made pursuant to rule 107, the defendants claim that the plaintiffs have not acted in good faith; that the purported assignment of the lease was made to a dummy corporation in order for the plaintiffs to avoid liability under the terms of the lease; that plaintiffs, at the time of the assignment to the Kaycel Realty Corporation, the purported assignee, were in default; that there is now pending in the District Court, Hudson County, New Jersey, a summary proceeding to obtain possession of the New Jersey property. It is further alleged that the Kaycel Realty Corporation, the purported assignee, has instituted an action in the Supreme Court, New York County, to enjoin the defendant Bay Associates from terminating the lease, and the court in that action denied an application for a temporary injunction made by Kaycel Realty Corporation, and held that the plaintiff’s contentions in that action did not entitle it to equitable relief in New York, and it may obtain adequate relief by transferring the summary proceeding from the District Court in New Jersey to the Superior Court in which its defenses will be available.
The affidavit in opposition to the motion under rule 107 states that the plaintiffs have no adequate remedy at law and therefore must resort to equity in order to obtain relief. The affidavit further states that at the time of the making of the assignment *929 the plaintiff tenant was not in default under the terms of the lease; that the assignment was made in good faith and that the plaintiffs are entitled to the delivery of a release; that unless the plaintiffs receive evidence of their discharge from the terms thereof, they will be faced with a continuing contingent liability for a period of approximately 20 years, which must seriously affect them in their other business ventures and which will hamper their credit rating and their ability to borrow moneys from financial institutions in furtherance of their other ventures, and they contend that to compel them to await the whim of the defendants to bring an action against the plaintiffs, would impose unnecessary hardship upon them. Were such factual matters alleged in the complaint the determination on the motion pursuant to rule 106 might be otherwise.
The exercise of equitable jurisdiction is in the sound discretion of the court, depending upon the existence in each case of special circumstances, which would warrant the interposition of the court. If the court were to entertain jurisdiction it would be called upon to interpret or construe the various provisions of the New Jersey lease dealing with the right to assign such lease and all matters concerning the same. Were the court under those circumstances to arrive at a contrary determination to the determination by the courts of New Jersey in the summary proceeding, confusion would result.
While this action appears on its face to be an action for specific performance, the instrument sought to be delivered by the plaintiffs has no intrinsic value nor does it act as a conveyance or transfer or assignment of any interest in real or personal property. The action is in reality an action for a declaratory judgment to the effect that the plaintiffs no longer have any interest in the real property in New Jersey nor any obligation to perform the terms and conditions of the lease, the release sought, merely being evidence of these facts. Our courts have continuously refused to entertain jurisdiction in actions for declaratory judgment affecting real property in other States. (Johnson v. Dunbar, 306 N. Y. 697.)
In Town of Ohio v. People (264 App. Div. 220, 221) the court stated: “ The objective of the declaratory judgment in our practice is to obtain relief from just such uncertainty and doubt. It aims to enable a party whose rights, privileges and powers are endangered, threatened or placed in uncertainty to invoke the aid of the court to obtain a declaration of his rights or legal relations. (Newburger v. Lubell, 257 N. Y. 383; James v. Alderton Dock Yards, 256 id. 298; Post v. Metropolitan Casualty Insurance Co., 227 App. Div. 156; affd. 254 N. Y. 541.) ”
*930 In the opinion of the court, the New Jersey courts have ample power at law and in equity, to deal with all the questions affecting the lease and the rights and obligations thereunder. The courts of our State have not and should not hesitate to dismiss an action where, under all the circumstances, New York is not “ a convenient or appropriate forum ” for the determination of the issues tendered. The issues presented in this case are such that under the particular facts and circumstances herein presented, this court should decline jurisdiction (Langfelder v. Universal Labs., 293 N. Y. 200; Koster v. Shenandoah Corp., 258 App. Div. 1079).
In view of the fact that the court declines jurisdiction in this matter it becomes unnecessary to grant the plaintiffs leave to serve an amended complaint.
Settle order.